Tishacek vs. The Milwaukee Electric Railway & Light Co.

---

TISHACEK, Administrator, Appellant, vs. THE MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Respondent.

*April 15 — April 30, 1901.*

*Street railways: Negligence: Accident at street crossing: Children: Court and jury.*

A motorman on an electric car, when about sixty feet from a street crossing, seeing a five-year-old girl start from the side of the street to cross. immediately sounded his gong and applied the brake. When the child was about twelve feet from the track, she stopped and looked at the approaching car and continued to do so until she reached a point three or four feet from the track, when she stopped, still looking at the car, and thereupon the motorman threw off the

brake and allowed the car to drift along. When the car reached a point about six feet from the crossing, the child suddenly started across in front of the car, and was run over and killed. The testimony tended to show that the speed of the car was from eight to sixteen miles per hour, and that the car ran from seventy to eighty feet after it struck the child, notwithstanding the efforts of the motorman to stop it with the brake. *Held,* that no inference of negligence could be drawn from the conduct of the motorman in proceeding to send his car onward past the child, nor from his subsequent conduct; and that the trial court properly directed a verdict for the defendant. CASSODAY, C. J., dissents.

APPEAL from a judgment of the circuit court for Racine county: FRANK M. FISH, Circuit Judge. *Affirmed.*

The plaintiff's intestate, a little girl five years old, returning from school at about 11:30 a. m. of November 6, 1899, when crossing Douglas avenue, in the city of Racine, at its intersection with St. Patrick street, was run over and killed by one of defendant's cars. This action is brought to recover damages therefor. At the close of the evidence a verdict for the defendant was directed upon which, after motion for new trial, judgment was entered, from which this appeal is brought.

For the appellant there was a brief by *Smieding & Smieding,* attorneys, and *Wallace Ingalls,* of counsel, and oral argument by *Mr. William Smieding* and *Mr. Ingalls.*

For the respondent there was a brief signed by *Spooner, Rosecrantz & Spooner,* of counsel, and oral argument by *C. P. Spooner* and *T. M. Kearney.*

DODGE, J. The principal question presented by the assignment of error is whether the evidence, upon consideration most favorable to the plaintiff, tends to establish negligence on the part of the motorman in charge of defendant's car. The motorman's own narrative is the only complete statement of his conduct. He testifies that running north on Douglas avenue, upon a slight upward grade less than one

foot to the 100, at about eight miles per hour, when about sixty feet from the south crossing of St. Patrick street, he saw this little girl start from the east side of Douglas avenue to cross that street. He apprehended that she might get on the crossing in front of his car, and immediately applied his brake and sounded his gong. He continued this until the little girl stopped, as hereinafter stated. There is no dispute that he had plenty of time to have stopped his car before reaching the crossing. When the deceased got within about twelve feet of the track she looked round at him and his car, and continued so to look as she moved forward, until she reached a point about three or four feet from the track, when she stopped, still looking at the car. He thereupon threw off his brake, and "let the car drift along." When the car reached a point about six feet from the crossing, the little girl suddenly started to run across in front of it, and either tripped and fell or was knocked down by the car and run over. The moment he saw her make that start he jumped onto his brake with all his strength, and attempted to drop the fender, but missed the peg. The fender on the car was arranged either to be dropped by pressure on a pin in the platform or by coming in contact with any obstruction. He was not able to stop the car until it had run wholly across St. Patrick street. The only other eyewitness was a Mrs. Nau, sitting in a buggy on St. Patrick street, who estimates the distance of the car at the time the little girl started across Douglas avenue at some ninety feet from the crossing, and its speed at that time at about twelve miles an hour. She in no wise contradicts any of the other statements of the motorman, and confirms him in the statement that the little girl stopped at a point about three feet from the track, and then attempted to run across in front of the car. Her testimony is entirely indefinite as to the length of this stop. In response to plaintiff's counsel she said that she could not testify to the length of time, and in reply to cross-examination said that it was less than five seconds.

Another witness, not in sight of the crossing, looking out of a window further south, saw the car pass, and estimated its speed at sixteen miles per hour.   Her line of vision is, by measurement, shown to have been limited at a point about seventy-three feet south of the crossing.  She saw the motorman commence to apply his brake vigorously.

There is here disclosed no conduct from which the inference of negligence can be drawn.   Conceding that, when the little girl was seen to start across the street, the motorman should have apprehended the probability that she would not exercise ordinary observation, care, or judgment, and might be in peril of collision, and that the duty rested on him to take all precautions to · protect against such result, the evidence fails to show that he omitted any part of such duty.   On the contrary, it establishes that he did take the ordinary and usual precaution of sounding his bell and applying his brake at a time and place when full control of his car was feasible and easy.   It quite satisfactorily appears that but for the child's subsequent conduct no accident would have occurred.   Certainly, there is no evidence that, up to the time the decedent stopped in her progress, the motorman omitted any precaution which might have affected the result.   The burden of proof, of course, was on the plaintiff to prove negligence, and, in the absence of such proof, no inference or conjecture can be indulged.   Commencing, then, at that point of time when the decedent stopped in a place of safety, looking directly at the car, and apparently for the very purpose of awaiting its passing, can negligence be predicated upon the fact that the motorman then allowed his car to proceed on its way, evidently with considerable speed?   This depends on whether it is within reasonable probability that a five-year-old child, having full knowledge of the approach of a car, and having stopped apparently because of it, will suddenly run from a place of safety to a place of danger on the track.   We cannot think

Tishacek vs. The Milwaukee Electric Railway & Light Co.

an affirmative answer possible. It would be much more in accord with probabilities that children playing in the street, in apparent oblivion of an approaching car, should suddenly dash in front of it; but that anticipation of such acts is not essential to due care in operators of street cars this and other courts have already decided. We suggest no doubt that, in operating street cars in places where children of tender age are known to be, due care or ordinary care involves a high degree of precaution, in contemplation of thoughtlessness and heedlessness; but common experience justifies the expectation that children of an age to be permitted to care for themselves upon city streets will exercise some measure of precaution when danger is actually observed by them. The case before us is distinguished from many which have found their way into the reports by the undisputed fact that the child saw the car; that she gave evidence by her conduct of appreciation of the danger in an attempt to cross in front of it, and of the exercise of judgment in deciding not to incur that danger, but to avoid it by the natural precaution of stopping short of the peril. In this respect the motorman's conduct is less open to any imputation of negligence than in most of the cases where it was decided that no inference against him could be drawn. *Eastwood v. La Crosse City R. Co.* 94 Wis. 163; *Holdridge v. Mendenhall,* 108 Wis. 1; *Chilton v. Central T. Co.* 152 Pa. St. 425; *Fleishman v. Neversink Mt. R. Co.* 174 Pa. St. 510; *Funk v. Electric T. Co.* 175 Pa. St. 559. No negligence being shown in thus proceeding to send his car onward past the child, none can exist in the subsequent conduct of the motorman. The injury was, then, due to her sudden and unexpected action, against which no acts of his could avail. The trial court rightly directed a verdict for defendant.

We discover no error in the several rulings on evidence assigned as such.

*By the Court.*— Judgment affirmed.

Tishacek vs. The Milwaukee Electric Railway & Light Co.

CASSODAY, C. J. I respectfully dissent in this case. There is evidence tending to show that when the little girl reached the sidewalk on the south side of St. Patrick street, and on the easterly side of Douglas avenue, the car in question was from 150 to 170 feet southerly from St. Patrick street, and the little girl was in plain sight of the motorman, who was, at the time, facing northward; that the little girl was then about thirty-two feet from the east rail of the defendant's track, and in the act of starting to go west across the track on the south sidewalk of St. Patrick street; that she was at the time less than five years of age, and unattended by any one; and that there was no team and no other person in the street to obstruct the vision of the motorman, and that he could stop his car by the brake alone in a distance of from sixty to 120 feet, and by the reverse current in a distance of not more than thirty or forty feet. In my judgment, the motorman was bound to know that the little child, under the circumstances, was practically helpless, and in imminent peril, and liable to go in front of the car, and hence the motorman was bound to have his car under such control as to avoid killing or injuring the child. Instead of doing that, he continued his car at such rate of speed that it ran from seventy to eighty feet after it struck the child, notwithstanding his admitted effort to stop it with the brakes. The fact that the child apparently saw the car when twelve feet from the track, and that it stopped three feet from the track, is, in my judgment, no excuse for continuing the car with such high rate of speed, especially as there is no evidence that the stop was for any perceptible length of time. It is well settled that "the question of negligence is for the jury unless, from the undisputed facts, the inference of negligence or its absence is inevitable." *Nelson v. C., M. & St. P. R. Co.* 60 Wis. 320; *Kaples v. Orth,* 61 Wis. 531; *Peterson v. Sherry L. Co.* 90 Wis. 92, and numerous other cases which might be cited. In my judgment,

there is more reason for holding that the motorman was guilty of negligence as a matter of law than for holding that the evidence is insufficient to take the case to the jury.