VAN SALVELLERGH, by guardian *ad litem,* Respondent, vs. GREEN BAY TRACTION COMPANY, Appellant.

*May 4—May 21, 1907.*

*Street railways: Injury to child: Negligence of motorman: Proximate cause: Court and jury: Evidence: Weight: Testimony of child: Contradictions: Positive and negative testimony: Contributory negligence of child.*

1. In an action for injuries to a child about six years old who was struck by an electric car at a street crossing, the evidence is *held* sufficient to sustain findings in a special verdict to the effect that negligence of the motorman on the car was the proximate cause of the injury.
2. Although the court admits the testimony of a six-year-old child, the age of the child is nevertheless an important factor in determining the weight to be given to her testimony.
3. Where a child testified in a contradictory way as to whether she saw the street car by which she was injured approaching the crosswalk, it was competent for the jury to say which of her conflicting statements was correct.
4. Although the motorman testified positively that he sounded his bell as he approached a crosswalk, the negative testimony of several witnesses who were where they would have been likely to hear the bell had it been sounded was sufficient to carry the case to the jury in respect to that matter—the credibility of such evidence being for the jury under proper instructions.

5. A child less than six years old, whose mind was engrossed with an errand upon which she had been sent, cannot be held as matter of law to have been guilty of contributory negligence because she approached or attempted to cross a street railway track without looking for coming cars.

6. A child six years old is only bound to exercise such care in avoiding danger as may reasonably be expected of one of its age, experience, and discretion.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

Action to recover for a personal injury.

On the 27th day of July, 1905, plaintiff, a child five years and ten months of age, residing with her parents in the city of Green Bay, Wisconsin, while on the way to do an errand for her mother, was injured by one of defendant's cars run-ning over her hand, injuring it so that amputation was nec-essary. The claim stated in the complaint was that the motor-man was negligent, in that he failed to give plaintiff warn-ing of the approach of the car and failed to observe her when she was approaching the track in a way to endanger her safety, and to so control the car as to avoid injuring her, and that such negligence was the proximate cause of what oc-curred. The allegations of negligence were put in issue by the answer.

The evidence was to the effect that plaintiff was sent by her mother from her home on St. Clair street, in Green Bay, Wis-consin, to a store, which will be called Daul's store, located on the west side of Twelfth street, to buy some lemons. Twelfth street was a north and south way crossing at right angles Walnut street, on which defendant's track was located. Daul's store was two blocks south of Walnut street and on the west side of Twelfth street. Plaintiff approached Walnut street traveling south on the east side of Twelfth street. As she did so there was a car approaching from the east on Wal-nut street. When she arrived at the corner of Twelfth and Walnut streets on the north side of the latter she turned to

the right to cross to the west side of Twelfth street. There was evidence tending to show that she traveled on the crosswalks going west till she arrived at the west side of Twelfth street and then turned to the left on the crosswalk and proceeded south, looking towards her destination at Daul's store; that when she so turned she was fourteen feet from the north rail of defendant's track; that she continued on her course till she reached the track, when the car struck her, causing her to fall and get her hand on the north rail in front of the car wheel, where it was crushed by the wheel passing over the same; and that the location of the hand at the time it was run over was about three feet west of the crosswalk. The plaintiff testified that she did not see or hear the car before it struck her. She testified on direct examination that she did not look for a car. On cross-examination she testified that she was looking in the direction from which the car was approaching, thinking one might come. Later she testified that she was looking towards Daul's store and at right angles with the track. There was some evidence tending to show that the motorman was not at his post, but was inside the car just before the accident. There was evidence to the contrary. The motorman testified that when he was seventy feet from the crossing he saw plaintiff on Twelfth street 114 feet from the track and saw her continuously thereafter till the front of his car passed the west crosswalk and interfered with his line of vision; that as he approached such walk and when he last saw plaintiff she was standing on the walk fourteen feet from the north rail of the track looking in the direction of the car.

The jury rendered the following verdict:

"(1) Was the plaintiff on July 27, 1905, injured by one of the defendant's cars running over her arm? A. Yes (by the court). (2) Was the motorman in charge of said car negligent in controlling and operating it at the time said plaintiff was injured? A. Yes. (3) If you should answer

the second question 'Yes,' then answer this: Was said negligence of said motorman the proximate cause of the plaintiff's injury? *A*. Yes. (4) Did any want of ordinary care on the part of the plaintiff contribute to producing her injury? *A*. No. (5) At what amount do you assess the plaintiff's damages, if she is entitled to recover? *A*. $5,000."

Defendant's counsel moved to set aside and to amend the verdict and for judgment thereon. The motion to amend was to substitute "No" for "Yes" in answer to the second question, "No" for "Yes" in answer to the third question, and "Yes" for "No" in answer to the fourth question. The motion was denied. Thereafter on motion of counsel for plaintiff judgment was rendered in her favor.

For the appellant there was a brief by *Greene, Fairchild, North & Parker,* and oral argument by *B. L. Parker.* They contended, *inter alia,* that the proximate cause of the injury was not the act of the motorman in failing to stop the car, but rather the act of the child in suddenly getting into a place of danger. *Holdridge v. Mendenhall,* 108 Wis. 1; *Funk v. Electric T. Co.* 175 Pa. St. 559, 34 Atl. 861; *Chilton v. Central T. Co.* 152 Pa. St. 425, 25 Atl. 606; *Phila. & R. R. Co. v. Spearen,* 47 Pa. St. 300; *Hestonville P. R. Co. v. Connell,* 88 Pa. St. 520; *Fleishman v. Neversink Mt. R. Co.* 174 Pa. St. 510, 34 Atl. 119; *Pletcher v. Scranton T. Co.* 185 Pa. St. 147. The question of contributory negligence of a child is to be determined as in the case of an adult, except that the child should not be held to as high a degree of care and responsibility. *Reed v. Madison,* 83 Wis. 171, 176; *Strong v. Stevens Point,* 62 Wis. 255; *Johnson v. C. & N. W. R. Co.* 56 Wis. 274; *Ewen v. C. & N. W. R. Co.* 38 Wis. 613. Where it appears from the undisputed testimony that plaintiff, considering his age and intelligence, did not exercise proper care in crossing the track, the trial court may determine as a proposition of law that he is guilty of contributory negligence and cannot recover. *Ryan v. La Crosse City R. Co.* 108 Wis.

122, 129; *Ewen v. C. & N. W. R. Co.* 38 Wis. 613; *Strong v. Stevens Point,* 62 Wis. 255; *Reed v. Madison,* 83 Wis. 171, 176. If it conclusively appears, as in this case, that a child did actually know and comprehend the danger to as great an extent as a much older person would be held as a matter of law to know and comprehend it, then such child must be held to the same accountability as the older person. *Colomb·v. P. & B. St. R. Co.* 100 Me. 418, 420; *Collins v. S. B. R. Co.* 142 Mass. 301, 7 N. E. 856; *Mattey v. Whittier M. Co.* 140 Mass. 337, 4 N. E. 575; *Hayes v. Norcross,* 162 Mass. 546, 39 N. E. 282; *Miles v. Receivers,* 4 Hughes, 172, Fed. Cas. No. 9544; *Railroad Co. v. Gladmon,* 15 Wall. 401; *Van Natta v. People's St. R., E. L. & P. Co.* 133 Mo. 13, 34 S. W. 505.

For the respondent there was a brief by *Minahan & Minahan,* attorneys, and *P. H. Martin,* of counsel, and oral argument by *Mr. V. I. Minahan* and *Mr. Martin.* They argued, among other things, that in case of a child of tender years the question of contributory negligence is a question for the jury. *Carmer v. C., St. P., M. & O. R. Co.* 95 Wis. 513, 516; *Townley v. C., M. & St. P. R. Co.* 53 Wis. 626, 636; *Holdridge v. Mendenhall,* 108 Wis. 1; *N. Y., C. & St. L. R. Co. v. Perriguey,* 138 Ind. 414, 34 N. E. 133, 37 N. E. 976; *Stone v. Dry Dock, E. B. & B. R. Co.* 115 N. Y. 104, 21 N. E. 712; *Schmitz v. St. L., I. M. & S. R. Co.* 119 Mo. 256, 24 S. W. 472; *Moynihan v. Whidden,* 143 Mass. 287, 9 N. E. 654; *Springfield C. R. Co. v. Welsch,* 155 Ill. 511, 40 N. E. 1033; *Swift v. S. I. R. T. Co.* 123 N. Y. 645, 25 N. E. 378; *Atwood v. B., O. & O. T. R. Co.* 91 Me. 399, 40 Atl. 67; *Baltimore City P. R. Co. v. Cooney,* 87 Md. 261, 39 Atl. 859.

MARSHALL, J. These contentions are made as grounds for a reversal of the judgment: 1st. There was no evidence warranting a finding that the motorman's negligence was the

proximate cause of the accident.    2d.  The evidence conclu-
sively shows contributory negligence on the part of the plaint-
iff.

The first proposition is urged upon the theory that the
motorman saw the child for a considerable period of time
before the car reached the point where the accident occurred,
and observed her at last standing about fourteen feet from the
track at the corner of Twelth and Walnut streets on the west
side of the former and north of the track, looking at the car
and apparently waiting for it to pass; that she remained so
located till the front of the car was on the crosswalk in front
of her and then, unobserved by the motorman, suddenly ran
toward and into the car.  If the evidence was uncontroverted
on that subject counsel's contention would have much merit,
but it is not.  As indicated in the statement, there was some
proof that the motorman was not on the front platform im-
mediately before reaching the crossing; that he was away
from his post and inside the car; also evidence that plaintiff
did not stop fourteen feet from or near the track, but con-
tinued walking after reaching the west side of Twelfth street
till she was struck in some way by the car.  The direct evi-
dence that she did not run into the side of the car but was
struck by some part of the front thereof is corroborated by the
circumstance that the point where the wheel ran over her
hand was some three feet west of the crossing.    The evi-
dence of the motorman, as claimed by respondent's counsel, is
quite improbable.    It hardly seems possible that plaintiff
could have been standing fourteen feet from the track as the
front of the car passed onto the crossing and yet that she
reached the track so as to receive the injury three feet west
of the crossing.  Again, it seems highly improbable that the
motorman saw her as he approached Twelfth street 114 feet
away on the west side of such street, since she approached
Walnut street on the east side of the street.

It is argued that the probabilities are all against the girl

having been to any extent in front of the car before she was thrown down, because otherwise the fender would have struck her and she could not have gotten her hand into the situation to be injured by one of the front wheels passing over it, and there would have been some marks on her person indicating the point of collision. Again, that on account of appliances under the car in front of the wheels she could not have gotten into a position in front thereof so as to be knocked down and injured as she was without being crushed.

From all the light we can gather from the case we do not so understand the situation to have been conclusively shown as claimed. It seems that it is not wholly improbable but that the corner of the car which projected further out than the fender, or the corner of the fender, may have struck the girl, causing her to fall and throw her hand over the rail in front of the car wheel where it would not be displaced, necessarily, before the wheel reached it.

There is evidence that the car was going quite slowly and that if the motorman had observed the girl as she was approaching the track and acted with reasonable promptness he could have avoided injuring her. If her evidence be true, he should have observed her approaching apparently unmindful of the danger and governed himself accordingly. It is not claimed but what it was his duty to look out for the presence of children in dangerous proximity to the track and to use ordinary care to avoid injuring them, and that such care required the stopping of the car, if practicable, upon its appearing to be necessary in order to prevent striking a child in case of one approaching apparently oblivious to the presence of the car. On the whole, it seems that there is no such clear indication that the evidence did not present a fair question for the jury on the subject of respondent's negligence and whether it was the proximate cause of the accident as to warrant us in overruling the trial court on the subject, unless it conclusively appeared that the proximate cause was negligence on the part of the girl.

.The case is unlike those upon which appellant's counsel rely. In *Tishacek v. Milwaukee E. R. & L. Co.* 110 Wis. 417, 85 N. W. 971, the child, from a safe place near the track, in a way not reasonably to be expected, suddenly ran in front of the car at a point on the track so near thereto that the motorman could not stop it. There were similar circumstances in *Holdridge v. Mendenhall,* 108 Wis. 1, 83 N. W. 1109; *Funk v. Electric T. Co.* 175 Pa. St. 559, 34 Atl. 861; *Pletcher v. Scranton T. Co.* 185 Pa. St. 147, 39 Atl. 837, and in all of the other cases cited to our attention.

Was there contributory negligence on the part of the child as a matter of law? We must view that from the standpoint above indicated; that the jury were warranted in believing, as they probably did, in reaching the conclusion on the subject already discussed, that she turned south on the crosswalk upon reaching the west side of Twelfth street and proceeded continuously, without observing the car till she was struck. True, she testified at first in a contradictory way as to whether she saw the car or not before it reached her, then upon cross-examination she said, in effect, that as it approached she was looking in the general direction from which it was coming but did not see or hear it, following with contradictory evidence as to whether she did or did not forget about the liability of a car coming. Later she testified, in effect, that as she approached the track she was looking directly south at right angles therewith towards her destination.

It is not very much to be wondered at that a child less than six years of age should testify as the one in question did, under the circumstances, intending to relate just what occurred. She was not much above the age excluding her from testifying because too young to be able to recollect and state with a fair degree of certainty what happened. There is no arbitrary age limit excluding a child over four years old from testifying, the degree of intelligence shown in each case, after such age and up to fourteen, being the controlling factor, but

precedents are not numerous of a child so young as the one
here being allowed to testify. The most said on the subject
in a recent work on Evidence is that "there are instances on
record in which the testimony of children of five and six
years of age has been received." 3 Jones, Ev. § 738. A child
just over four years of age was permitted to testify in *State
v. Juneau,* 88 Wis. 180, 59 N. W. 580, while children of six
years of age have sometimes not been so permitted. *Johnson
v. State,* 76 Ga. 76. Where the court passes favorably on
the question the age of the child is yet an important factor in
determining the weight to be given to the evidence.

Even in case of an adult where he as a party testifies in a
contradictory way in respect to a vital point in issue it is not
necessarily fatal to the case; it is competent for the jury to
say which of the two conflicting statements is correct. *Mont-
gomery v. State,* 128 Wis. 183, 107 N. W. 14; *Bruger v. P.
& St. M. Mut. F. Ins. Co.* 129 Wis. 281, 109 N. W. 95.
That should be applied with considerable liberality in case
of a witness as young as the one in question.

So notwithstanding the contradictory character of plaint-
iff's evidence it was proper to send the case to the jury on
the subject of whether she was unmindful of the probability
of a car approaching and did not see or hear one or look in
the direction from which the car was coming, from the time
she started south on the crosswalk till she was struck.

We do not overlook the fact that the motorman testified
he signaled by sounding his bell, and if his testimony be true
it would create a strong probability that plaintiff must, or
ought to, have heard, and known of the proximity of the car
to the crossing. But notwithstanding the testimony contra-
dicting the motorman is of a negative character, especially
since the witnesses, particularly the plaintiff, were where if
the bell were sounded they would have been very liable to hear
it, such evidence was sufficient to carry the case to the jury in
respect to the matter.

The rule as to the superiority of positive over negative evi-

dence does not go so far as to render the latter necessarily inefficient in face of the former.

"The positive evidence of one credible witness to a fact is entitled to more weight than that of several others who testify negatively." *Wickham v. C. & N. W. R. Co.* 95 Wis. 25, 69 N. W. 982; *Ryan v. La Crosse C. R. Co.* 108 Wis. 122, 83 N. W. 710.

That is as far as the rule goes. Here the jury were warranted in finding the motorman was not a credible witness. Moreover, negative testimony may under some circumstances outweigh positive testimony. *Eilert v. G. B. & M. R. Co.* 48 Wis. 606, 4 N. W. 769; *Urbanek v. C., M. & St. P. R. Co.* 47 Wis. 59, 1 N. W. 464; *Kelley v. Schupp,* 60 Wis. 76, 18 N. W. 725. The credibility of such evidence is for the jury under proper instructions.

From the foregoing it seems not to be entirely improbable that plaintiff was unmindful of the coming car till she was struck by it. Was she guilty of contributory negligence, necessarily, because she did not pay attention to the situation, since she knew if she got in the way of a moving car she would be liable to be injured? The evidence is uncontroverted that she knew quite well the danger in that regard.

No authority has been cited to our attention, nor have we been able to discover any, where a child under six years of age, though of sufficient discretion to know of its being dangerous to step in front of a moving car, has been held as a matter of law guilty of contributory negligence in doing so, being momentarily unmindful of the situation. In *Holdridge v. Mendenhall,* 108 Wis. 1, 83 N. W. 1109, it was said, condemning a claim that a child a little less than seven years of age was guilty of contributory negligence as a matter of law in going upon a railway track under the conditions mentioned:

"It must be an extreme case indeed which would warrant a court in granting a nonsuit on the ground of the child's negligence; and it is frequently said that such a child cannot be held guilty of contributory negligence as a matter of law."

As to one under six years of age any circumstances reasonably sufficient to so fix its attention as to lead to its approaching dangerously near to or entering upon a railway track without looking out for coming cars, will preclude holding as a matter of law the case to be extreme within the view indicated by the quoted language. There was such a circumstance in this case, in that the child's mind was engrossed, as the jury may well have thought, with the purpose of her journey.

The rule that a person before approaching near to or stepping upon a railway track must, unless prevented from doing so, look to see if a car is so near as to be liable to injure him if he proceeds, and in such case stop till it passes or be liable to be successfully charged with contributory negligence, has no application to children of the age respondent was. Such a child may have all the judgment of an adult as to the danger of stepping directly in front of a moving car without having anywhere near the average prudence, thoughtfulness, and discretion of an adult as to avoiding the danger. It is only bound to exercise such care as may be reasonably expected of one of its age, experience, and discretion. Beach, Contrib. Neg. (3d ed.) § 117; *Plumley v. Birge,* 124 Mass. 57; *Collins v. S. B. R. Co.* 142 Mass. 301, 7 N. E. 856. Those citations and many others that might be mentioned are in harmony with *Holdridge v. Mendenhall, supra.* The law is well settled that, generally speaking, in case of a child so young as respondent was, unmindfully stepping in front of a moving car, the question of contributory negligence is for the jury. The case is widely distinguishable from such cases as *Tishacek v. Milwaukee E. R. & L. Co.* 110 Wis. 417, 85 N. W. 971, where it was undisputed that the child seeing the car stepped in front of it, or so near that an injury was unavoidable.

The foregoing requires an affirmance of the judgment.

*By the Court.*—The judgment is affirmed.