NORTHERN LAND COMPANY, Respondent, vs. WISCONSIN LIVE STOCK ASSOCIATION, Appellant.

*February 10—March 2, 1915.*

*Appeal: Errors in admitting evidence: Trial by court: Adverse possession: Entry: Parol license.*

1. Error cannot, upon appeal, be predicated upon the admission of evidence in a case tried by the court without a jury.
2. In an action to quiet title to land the evidence is *held* to sustain findings to the effect that defendant, who claimed title by adverse possession, entered and held under a parol license from plaintiff.

APPEAL from a judgment of the circuit court for Oconto county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

*E. V. Werner,* for the appellant.

For the respondent there was a brief by *C. F. Dillett,* attorney, and *P. J. Winter,* counsel, and oral argument by *Mr. Dillett.*

TIMLIN, J. This is a suit to quiet title of the respondent to lands described in the complaint. Respondent had the legal title. Appellant claimed title by adverse possession of ten years under a quitclaim deed from one who had no title. It is not disputed that the appellant had such quitclaim deed

or that it was in possession or that it occupied and inclosed the land, but it is claimed that it entered, took possession, held, and inclosed the land for the purpose of pasturing its cattle by permission of the respondent. The appellant's counsel thinks he has discovered thirty errors made by the court below in the trial of this simple issue. The first four errors are in the admission of evidence. Errors cannot be predicated upon the erroneous admission of evidence in a case tried by the court without a jury.

The question whether there is any competent evidence to sustain a finding or findings is entirely different and may be raised upon appeal or writ of error. The remaining twenty-six errors, it is claimed, also have occurred in the judicial investigation of the question whether or not the defendant entered and held under parol license from the plaintiff. There was the express testimony of two witnesses to the making of a parol license. There was testimony of other witnesses to admissions made by the managing agents of the defendant in corroboration of the existence of such license and proof that the plaintiff for thirteen years last past paid and the defendant did not pay the taxes on this land. This was amply sufficient to support the finding. The judgment must be affirmed.

*By the Court.*—It is so ordered.