# CASES DETERMINED

# August Term, 1915.

TAYLOR, Administratrix, Respondent, vs. NORTHERN COAL
& DOCK COMPANY, Appellant.

*April 14—October 5, 1915.*

*Negligence: Injury to licensee: Carpenter working on vessel being
unloaded: Warning of increase in danger: Evidence: Contribu-
tory negligence: Instructions to jury: Burden of proof: Special
verdict: Harmless errors.*

1. Plaintiff's intestate, a ship carpenter who, to the knowledge of
and without objection from defendant, was lawfully engaged in
repairing a vessel while its cargo of coal was being unloaded at
defendant's dock, was not a trespasser but was entitled at least
to the privileges and protection of a licensee; and the defendant
was bound to so act as not unnecessarily to increase the danger
to him or render the premises more dangerous without notifying
him of such fact.

2. Evidence tending to show, among other things, that said intestate
and his crew had started to work on the side of the vessel under
the hoisting rig by which the coal was being taken from the
hold, at a time when defendant was making some repairs on
such rig; that defendant knew of their presence under the rig;
that in the usual operation of the rig lumps of coal dropped from
the buckets; that no warning was given to deceased before the
rig was started again; and that shortly after it was started a
lump of coal fell and struck him, causing his death—is *held* suf-
ficient to show negligence on the part of defendant, and not to
establish contributory negligence of the deceased as matter of
law; hence there was no error in refusing to direct a verdict for
defendant.

3. If in such case defendant's employees knew the deceased was in a
place of danger, or ought to have so known, it was their duty to
give warning.

4. It was not prejudicial error to refuse requested instructions to the effect that there was no evidence that defendant's employees knew the hearing of the deceased was not acute, and that if he was hard of hearing it was his duty to govern himself accordingly—it not appearing that dullness of hearing had anything to do with the accident.

5. Refusal to submit in the special verdict a question as to an evidentiary fact not put in issue by the pleadings is not error, especially where the matter involved was sufficiently covered by the verdict submitted and the charge given.

6. It is not error to refuse to give requested instructions which are sufficiently and correctly covered by the general charge.

7. Error in the instructions as to the burden of proof upon certain questions in the special verdict is not prejudicial where such questions were immaterial and answers thereto may be treated as surplusage.

APPEAL from a judgment of the circuit court for Douglas county: MARTIN L. LUECK, Judge. *Affirmed.*

The appeal is from a judgment entered November 16, 1914, for the sum of $4,510.54 damages and costs in an action brought for the death of one George Taylor.

The complaint contained four causes of action: the first, for injuries to and pain and suffering of deceased caused by the wanton and wilful negligence of the defendant; second, for the death of deceased caused by the wanton and wilful negligence of the defendant; third, for injuries and suffering caused by the negligence of the defendant; and fourth, for death caused by the negligence of the defendant.

The court below held that there was no wanton or wilful negligence shown and submitted the case to the jury on the causes of action for ordinary negligence. The jury returned the following verdict:

"(1) Was George Taylor warned not to be on the dock between the hoisting rigs and the boat? *A.* No.

"(2) Was said George Taylor sufficiently warned prior to the injury that he was not to work between the hoisting rig and the edge of the dock while the hoisting apparatus was in operation? *A.* No.

"(3) Did the defendant negligently fail to warn said

George Taylor of the starting of said hoisting apparatus after the repairs to the steering line had been completed? *A.* Yes.

"(4) If you answer the third question 'Yes,' then answer this question: Was such negligence the proximate cause of the injury and death of said George Taylor? *A.* Yes.

"(5) Did any want of ordinary care on the part of George Taylor contribute proximately to produce his injury? *A.* No.

"(6) What sum of money will compensate the widow for the pecuniary loss sustained by her in consequence of the death of said George Taylor? *A.* $4,000.

"(7) What sum of money will make compensation for the damages sustained by George Taylor in his lifetime in consequence of the injury received by him? *A.* $350."

Judgment was entered in favor of the plaintiff thereon and defendant appealed.

For the appellant there was a brief by *Luse, Powell & Luse,* attorneys, and *A. E. Boyesen,* of counsel, and oral argument by *L. K. Luse.* They contended, *inter alia,* that the deceased was no more than a mere licensee upon defendant's premises and that defendant owed him no duty except not to wilfully or wantonly injure him. *Hupfer v. Nat. D. Co.* 114 Wis. 279, 90 N. W. 191; *Cahill v. Layton,* 57 Wis. 600, 16 N. W. 1; *Dowd v. C., M. & St. P. R. Co.* 84 Wis. 105, 54 N. W. 24; *Peake v. Buell,* 90 Wis. 508, 63 N. W. 1053; *Muench v. Heinemann,* 119 Wis. 441, 96 N. W. 800; *Brinilson v. C. & N. W. R. Co.* 144 Wis. 614, 129 N. W. 664; *Bolin v. C., St. P., M. & O. R. Co.* 108 Wis. 333, 84 N. W. 446; Elliott, Railroads (2d ed.) § 1250; 3 Shearm. & Redf. Neg. (6th ed.) § 705; 29 Cyc. 449; *McCabe v. C., St. P., M. & O. R. Co.* 88 Wis. 531, 60 N. W. 260; *Hogan v. C., M. & St. P. R. Co.* 59 Wis. 139, 17 N. W. 632; *Davis v. C. & N. W. R. Co.* 58 Wis. 646, 17 N. W. 406; *Sutton v. N. Y. C. & H. R. R. Co.* 66 N. Y. 243; *Smith v. Day,* 86 Fed. 62; *Vanderbeck v. Hendry,* 34 N. J. Law, 467; *Cannon v. C., C., C. & St. L. R. Co.* 157 Ind. 682, 62 N. E. 8; *Shulls v. C., B. & Q. R. Co.* 91 Neb. 587, 136 N. W. 834; *Bowler v. Pacific*

*Mills,* 200 Mass. 364, 86 N. E. 767; *Norris v. Hugh Nawn C. Co.* 206 Mass. 58, 91 N. E. 886; *Metcalfe v. Cunard S. Co.* 147 Mass. 66, 16 N. E. 701; *Larmore v. Crown Point I. Co.* 101 N. Y. 391, 4 N. E. 752; *Weitzmann v. A. L. Barber A. Co.* 190 N. Y. 452, 83 N. E. 477; *Magar v. Hammond,* 183 N. Y. 387, 76 N. E. 474; *Martin v. Louisville & J. B. Co.* 41 Ind. App. 493, 84 N. E. 360; *Habina v. Twin City E. Co.* 150 Mich. 41, 113 N. W. 586; *Neice v. C. & A. R. Co.* 254 Ill. 595, 98 N. E. 989; *Downes v. Elmira B. Co.* 179 N. Y. 136, 71 N. E. 743; *Whitney v. N. Y., N. H. & H. R. Co.* 87 Conn. 623, 89 Atl. 269; *Woolwine's Adm'r v. C. & O. R. Co.* 36 W. Va. 329, 15 S. E. 81; *Price v. P. V. & N. E. R. Co.* 15 N. Mex. 348, 110 Pac. 565; *Roche v. American Ice Co.* 140 App. Div. 341, 125 N. Y. Supp. 323; *O'Brien v. U. F. R. Co.* 209 Mass. 449, 95 N. E. 861; *Kohler v. W. J. Jennison Co.* 128 Minn. 133, 150 N. W. 235.

For the respondent there was a brief by *Grace, Hudnall & Fridley,* and oral argument by *G. B. Hudnall.* They argued, among other things, that the deceased was not a trespasser, but a licensee. The duty that the owner of premises owes to a licensee, as variously stated by the courts, is to refrain from acts of affirmative negligence rendering the premises more dangerous; he cannot increase the danger; he cannot create new perils; he cannot engage in any active misconduct toward the licensee; he cannot be guilty of any culpable want of care; he must refrain from any active negligence; he cannot make a pit, a dangerous trap or pitfall; he cannot change the situation in a manner which must necessarily be dangerous to the licensee; he cannot make the premises more dangerous, without notifying the licensee of the facts or warning him of the added danger. *Davis v. C. & N. W. R. Co.* 58 Wis. 646, 17 N. W. 406; *Dowd v. C., M. & St. P. R. Co.* 84 Wis. 105, 54 N. W. 24; *Hupfer v. Nat. D. Co.* 114 Wis. 279, 90 N. W. 191; *Muench v. Heinemann,* 119 Wis. 441, 96 N. W. 800; *Rowley v. C., M. & St. P. R. Co.*

135 Wis. 208, 115 N. W. 865; *Hasbrouck v. Armour & Co.* 139 Wis. 357, 121 N. W. 157; *Brinilson v. C. & N. W. R. Co.* 144 Wis. 614, 129 N. W. 664; *Haley v. Swift & Co.* 152 Wis. 570, 140 N. W. 293; *Lewandowski v. McClintic-Marshall C. Co.* 155 Wis. 322, 143 N. W. 1063; *Felton v. Aubrey,* 74 Fed. 350; *Ellsworth v. Metheney,* 104 Fed. 119; *Iola P. C. Co. v. Moore,* 65 Kan. 762, 70 Pac. 864; *St. Louis & S. W. R. Co. v. Balthrop* (Tex.) 167 S. W. 246; *Schubert v. J. R. Clark Co.* 49 Minn. 331, 51 N. W. 1103; *Lauritsen v. American B. Co.* 87 Minn. 518, 92 N. W. 475; *Morrison v. Carpenter,* 179 Mich. 207, 146 N. W. 106; *Driscoll v. Newark & R. L. & C. Co.* 37 N. Y. 637, 97 Am. Dec. 761.

The following opinion was filed May 4, 1915:

KERWIN, J.   At the time of the injury complained of the defendant was the owner of a coal dock on the bay in the city of Superior and engaged in unloading coal from boats onto said dock.   In carrying on the business boats loaded with coal are tied up at the end of said dock.   The floor of the dock is a few feet above the water of the bay.   A trestle rests on the dock six or eight feet from the end of the dock and extends above the floor of the dock about sixty feet.   There are appliances used for hoisting buckets of coal from boats tied up beside the dock, and a chute or hopper into which is dumped the coal raised from the boats in said buckets.   On top of the trestle is a shanty which is occupied by the person who operates the machinery.   The buckets in passing from the boat to the chute pass over and sixty or seventy feet above the portion of the floor or dock which is at the bottom of the superstructure and between it and the outer or channel edge of the dock.   In the usual operation of unloading coal from the boats onto the dock lumps of coal fall from the buckets onto the dock and near the outer edge of the dock.

On the 4th and 5th of December, 1912, the steamer Charles Hebbard was moored at the edge of the dock of defendant for

the purpose of having its cargo of coal unloaded on defendant's dock and the defendant was on said days engaged in unloading the cargo.   On and prior to December 5, 1912, one George Taylor was in the employ of the Superior Shipbuilding Company as mechanic and ship carpenter.   Said Shipbuilding Company was at said time engaged in repairing boats when moored at the docks.   Said Shipbuilding Company received an order to repair the Charles Hebbard, and in pursuance of such order directed Taylor and others of its employees to make the repairs.   On the 5th of December, 1912, said Taylor was engaged in making the repairs, when a lump of coal fell from a bucket while being hoisted by defendant and struck him upon the head, from the effects of which he died.

Counsel for defendant insists that the plaintiff failed to make a case and that a verdict should have been directed for defendant on the ground that there was no proof of negligence on the part of defendant and that the evidence showed that the deceased was guilty of contributory negligence.

1. It is contended by counsel for appellant that deceased was a trespasser, or at most a bare licensee to whom the defendant owed no duty of active care.   It is clear from the evidence that deceased was not a trespasser.   He was lawfully at work repairing the boat at the time of the injury. He was authorized to be there and the defendant knew that he was at work repairing the boat and made no objection, so deceased at the time of injury was entitled, at least, to all the privileges and protection of a licensee.   This court has often spoken upon the subject.   *Davis v. C. & N. W. R. Co.* 58 Wis. 646, 17 N. W. 406; *Dowd v. C., M. & St. P. R. Co.* 84 Wis. 105, 54 N. W. 24; *Hupfer v. Nat. D. Co.* 114 Wis. 279, 90 N. W. 191; *Muench v. Heinemann,* 119 Wis. 441, 96 N. W. 800; *Rowley v. C., M. & St. P. R. Co.* 135 Wis. 208, 115 N. W. 865; *Hasbrouck v. Armour & Co.* 139 Wis. 357, 121 N. W. 157; *Brinilson v. C. & N. W. R. Co.* 144 Wis. 614,

129 N. W. 664; *Haley v. Swift & Co.* 152 Wis. 570, 140 N. W. 293; *Lewandowski v. McClintic-Marshall C. Co.* 155 Wis. 322, 143 N. W. 1063.

The defendant was lawfully engaged in unloading the cargo. The deceased was lawfully on the boat repairing it. Under the decisions of this court the defendant was bound to refrain from acts of affirmative negligence. It was bound to so act as not to unnecessarily increase the danger to deceased or render the premises more dangerous, at least without notifying deceased of such increased danger. The rule is that one cannot be actively negligent toward a mere licensee. *Hupfer v. Nat. D. Co.* 114 Wis. 279 (90 N. W. 191), at p. 290.

The licensor owes to the licensee the duty to refrain from acts of active negligence rendering the premises dangerous. *Brinilson v. C. & N. W. R. Co.* 144 Wis. 614, 129 N. W. 664.

The evidence shows that deceased had repairs to make on both sides of the boat. He had worked some on the port side and had started to do work on the starboard side under the unloading rig while the defendant was making some repairs on the unloading rig, which took over an hour to make, during which time the unloading rig was not running and it was safe for deceased and his crew to do the work. There is credible evidence that the defendant knew that deceased and his crew were at work on the starboard side of the boat and under the unloading rig where the coal dropped when the unloading rig was in operation and that deceased was not notified when the rig was started immediately before the coal fell upon him. The jury found that deceased was not warned and we think the findings are supported by the evidence.

We think the evidence was sufficient to show negligence on the part of defendant. Deceased and his crew were repairing the boat under the hoisting rig while the hoisting crew was repairing the steering line. Deceased was entitled to be

warned before the rig was again started, and the jury found upon sufficient evidence that he was not and that such failure to warn was the proximate cause of the injury.

It is further contended that the evidence establishes that deceased was guilty of contributory negligence. The jury acquitted him of contributory negligence, and we think there is ample evidence to support the finding. Had it been established that deceased continued to work at the place where injured after being warned and knew the danger, the situation would be different. There is evidence that only a few buckets had been hoisted after the steering line had been repaired, and that about two buckets a minute were hoisted; that after the steering line had been repaired the rig started, and after three or four buckets had been hoisted the rig was again stopped to allow the "bleeders" to be fixed, and deceased was injured by coal falling from the first bucket that was hoisted after the "bleeders" were fixed and the rig started.

We are convinced that there was no error in refusing to direct a verdict for defendant.

2. Counsel assigns thirty errors. We shall not attempt to discuss them at length. Perhaps they might be disposed of properly by the statement that we find no prejudicial error in the record. *Northern L. Co. v. Wis. L. S. Asso.* 160 Wis. 203, 151 N. W. 256.

The first assignment of error is the refusal to direct a verdict, which has been already disposed of.

The second and third assignments are to the effect that the court erred in refusing to submit to the jury whether Anderson [the hoister] exercised ordinary care or the precaution usually exercised upon the dock. There was no error in refusing these requests. They asked for a finding evidentiary and did not cover any fact put in issue by the pleadings, and moreover the matter involved was sufficiently covered by the verdict submitted and the charge.

The fourth assignment of error is the refusal of the court

to submit the question whether the deceased, Taylor, knew the rig had started and coal was being hoisted before the hoisting of the particular bucket from which coal fell which caused his injury.   There was no error in refusing to submit this question for the reasons stated under the second and third assignments.   *Steber v. C. & N. W. R. Co.* 139 Wis. 10, 120 N. W. 502; *Wawrzyniakowski v. Hoffman & B. M. Co.* 146 Wis. 153, 131 N. W. 429; *Anderson v. Sparks,* 142 Wis. 398, 125 N. W. 925; *Lomoe v. Superior W., L. & P. Co.* 147 Wis. 5, 132 N. W. 623; *Vogel v. Herzfeld-Phillipson Co.* 148 Wis. 573, 134 N. W. 141.

The fifth, sixth, seventh, eighth, ninth, tenth, eleventh, and twelfth assignments may be considered together and relate to the refusal of the court to instruct the jury as requested by counsel for defendant.   These requests were to the effect (a) that defendant was under no obligation to warn deceased; (b) that deceased was a man of experience and presumed to know the dangers; (c) that defendant was in no way interested in deceased being upon the dock and under no obligation to take active measures for his safety; (d) that deceased was bound to look after his own safety; (e) that there is no evidence that defendant's employees knew deceased's hearing was not acute; (f) that if deceased was hard of hearing it was his duty to govern himself accordingly; (g) that positive testimony is ordinarily entitled to more weight than negative.   There was no error in the refusal to give these requests—at least no prejudicial error.   So far as the requests touching deceased's familiarity with the business is concerned the matter was sufficiently covered by the charge given.   On the requests as to dullness of hearing it does not appear that dullness of hearing had anything to do with the injury, because others present who were not dull of hearing and who were in position to hear did not hear the alleged warnings.   Moreover the question was covered by the charge given.   The request under (g) was sufficiently

covered by the general charge, which was substantially correct. *Van Salvellergh v. Green Bay T. Co.* 132 Wis. 166, 111 N. W. 1120; *Coel v. Green Bay T. Co.* 147 Wis. 229, 133 N. W. 23; *Brown v. Milwaukee E. R. & L. Co.* 148 Wis. 98, 133 N. W. 589; *Marinette v. Goodrich T. Co.* 153 Wis. 92, 100, 140 N. W. 1094.

Assignments 12 and 13 refer to instructions of the court which it is claimed put the burden of proof upon the defendant as to questions 1 and 2 of the special verdict. The charge does not specifically put the burden of proof upon the defendant. It does not state upon whom the burden rests, but even if it did there was no reversible error, since questions 1 and 2 might be eliminated from the verdict and the balance of the verdict would support the judgment. In fact it is practically conceded on both sides that questions 1 and 2 are immaterial. They may therefore be regarded as surplusage. *Milwaukee T. Co. v. Milwaukee,* 151 Wis. 224, 138 N. W. 707.

Error is assigned because the court instructed the jury in effect that if the employees of the defendant knew deceased was in a place of danger, or ought to have so known, it was their duty to give warning. There was no prejudicial error in this part of the charge. *Rowley v. C., M. & St. P. R. Co.* 135 Wis. 208, 115 N. W. 865; *Hogan v. C., M. & St. P. R. Co.* 59 Wis. 139, 17 N. W. 632.

Other errors assigned we do not regard of sufficient importance to require treatment. We have carefully examined the record and all the errors assigned and are convinced that no prejudicial error was committed.

*By the Court.*—Judgment is affirmed.

A motion for a rehearing was denied, with $25 costs, on October 5, 1915.