Cermak v. Milwaukee Air Power Pump Co. 192 Wis. 44.

CERMAK, Respondent, vs. MILWAUKEE AIR POWER PUMP COMPANY, Appellant.

*October 12, 1926—February 8, 1927.*

*Workmen's compensation: Remedies afforded by the act exclusive as to parties covered by it: Action by employee against third person: By employee of subcontractor against principal contractor.*

1. The workmen's compensation act provides an employee's exclusive remedy in so far as it determines the procedure by which he may recover for injuries sustained in the course of his employment; but in all cases not coming within its provisions an injured employee may maintain an action in tort against one, other than his employer, who is guilty of negligence proximately causing his injuries.   p. 46.

2. An employee may bring an action in tort to recover for personal injuries against a third person not his employer, though such third person is subject to the compensation act, unless the act makes him liable to pay compensation to the employee.   p. 48.

3. An employee of a building contractor, injured by the negligence of an employee of a person for whom his employer was working, is not restricted to his remedy under the compensation act because of the fact that the tortfeasor, under sec. 102.06,

Cermak v. Milwaukee Air Power Pump Co. 192 Wis. 44.

Stats., would have been liable to pay compensation had the employee's immediate employer not carried insurance. p. 49.

4. One is bound to refrain from acts of affirmative negligence as to another lawfully on his premises to aid in the construction of his building. p. 50.

5. It was an act of affirmative negligence for one acting for the defendant to negligently strike the plaintiff with an iron pipe on the back of the head while plaintiff was lawfully on the defendant's premises for the purpose of aiding in erecting a· building. p. 50.

ROSENBERRY, ESCHWEILER, and CROWNHART, JJ., dissent.

APPEAL from an order of the circuit court for Milwaukee county: AUGUST E. BRAUN, Circuit Judge. *Affirmed.*

Common-law action in tort to recover for injuries sustained in the construction of a building for the defendant. From an order sustaining a demurrer to one of the defenses pleaded in the answer the defendant appealed.

The answer of the defendant alleges that the Universal Construction Company and the defendant company were Wisconsin corporations subject to its workmen's compensation act; that the Universal Construction Company carried compensation insurance and was engaged as an independent contractor in erecting the building for the defendant company; and that the plaintiff, an employee of the Universal Construction Company, had received and accepted compensation from the insurance carrier of the Construction Company for injuries sustained in the course of his employment while engaged in constructing defendant's building. The plaintiff demurred to the portion of the answer which states the foregoing facts on the ground that these facts do not constitute a defense.

Upon the argument counsel stipulated in open court that the portion of the answer here in question should be considered as amended by adding the allegation that the Construction Company had assigned to the plaintiff any cause of action in tort which it might have against the defendant by

reason of the fact that compensation had been paid to the plaintiff.

For the appellant there was a brief by *Shaw, Muskat & Sullivan,* attorneys, and *Bottum, Hudnall, Lecher & McNamara,* of counsel, all of Milwaukee, and oral argument by *W. T. Sullivan.*

For the respondent there was a brief by *Padway, Skolnik & Morgan,* attorneys, and *A. L. Skolnik,* of counsel, all of Milwaukee, and oral argument by *A. L. Skolnik* and *I. B. Padway.*

The following opinions were filed December 7, 1926:

STEVENS, J.   The plaintiff seeks to recover damages from a person other than his employer for the same injuries for which compensation had been paid to him by his employer under the workmen's compensation act.

So far as the workmen's compensation act determines the procedure by which an employee may recover for injuries sustained in the course of his employment, that act provides the workman's sole and exclusive remedy.   But in all cases that do not come within the provisions of the workmen's compensation act the injured employee may still resort to an action in tort to enforce his rights against one, other than his employer, who he alleges was guilty of negligence proximately causing his injuries.   Unless the compensation act has taken away plaintiff's right to maintain such a tort action, the facts stated in the portion of the answer here under consideration do not state a defense.

The legislative purpose as embodied in the workmen's compensation act is plain.   The controlling thought was to insure the prompt payment of compensation to employees injured in the course of their employment in all cases regardless of who was responsible for the act causing the injury, provided that the employer and the employee were subject to

Cermak v. Milwaukee Air Power Pump Co. 192 Wis. 44.

the act and that the injury was proximately caused by accident at a time when the employee was performing services growing out of and incidental to his employment.   Sec. 102.03, Stats.   To make certain that this compensation will always be paid, employers subject to the act are required to carry compensation insurance.   Sec. 102.28.   To farther insure the payment of compensation in all cases, the act makes every employer liable to pay compensation to the employee of any contractor or subcontractor under him in all cases where such contractor or subcontractor is not subject to the act or does not carry compensation insurance.   Sec. 102.06.

The purpose in making the employer liable for all injuries sustained in the course of the employment through the tortious acts of other persons was not to relieve such other persons of liability, but merely to insure the prompt payment of compensation without compelling the injured workman to await the outcome of a tort action against another person than his employer who was responsible for the injury.   The workmen's compensation act clearly evidences a legislative intent that the payment of compensation by an employer shall not relieve the one whose tortious act caused this injury from liability therefor.   This intent is shown by sec. 102.29, Stats., which carefully preserves the right to maintain an action in tort against such other person whose acts caused the injury.   The employee has the option of claiming compensation of his employer or of prosecuting an action in tort against the person whose wrongful act caused his injury. If the employee sues in tort he waives his claim for compensation.   Thus his employer is relieved of the obligation to pay compensation and the employer has no claim against the person who is responsible for the injury.   On the other hand, if the employee claims compensation of his employer, the making of such claim for compensation operates as "an

Cermak v. Milwaukee Air Power Pump Co. 192 Wis. 44.

assignment of any cause of action in tort which the employee . . . may have against any other party for such injury." Sub. (1), sec. 102.29, Stats. But it will be noted that this assignment is merely for the purpose of repaying to the employer the amount of the compensation paid the injured employee and that the surplus over the amount of the compensation paid, after deducting the reasonable cost of collection, belongs to the injured employee, and that in any event the injured employee is to receive one third of the amount recovered in the tort action, after deducting the cost of collecting the same. It will thus be seen that the workmen's compensation act preserves to the injured workman his interest in the damages recovered in the tort action, regardless of whether he claims compensation or sues in tort. If he sues in tort the entire recovery belongs to him. If he accepts compensation and his employer sues in tort, all sums recovered belong to the injured employee after his employer has been repaid the sums spent by him. This intent to preserve the employee's right to sue in tort is made even clearer by the provision which gives the injured employee, who has accepted compensation, the right to maintain an action in tort in his own name if his employer or the compensation insurer shall not pursue that remedy within ninety days after written demand by the injured workman. Sec. 102.29.

These provisions of the workmen's compensation act leave no doubt that the legislature intended to preserve the right to maintain an action in tort against any person, other than the employer, who is responsible for the acts causing injury to a workman situated as was the plaintiff in this case, unless such other person is made liable to pay compensation under sec. 102.06 of the Statutes. The law does substantial justice in that it makes the one whose act caused the injury responsible, either to pay compensation to the employee or to respond in damages for the benefit of both the employer and the employee. Thus does the act put the burden on the shoulders

of the one responsible for the injury,—the one who ought to pay for the injury sustained.

"The purpose and effect of the workmen's compensation act is to control and regulate the relations between an employer and his employees. As between them the remedies there provided are exclusive when both are under the act at the time of the accident. The law does not attempt in any way to abridge the remedies which an employee of one person may have at law against a third person for a tort which such third person commits against him, unless it be in a case such as is provided for by sec. 2394—6, Stats. 1913 (ch. 599, Laws of 1913). The present case does not come within that section and hence it is unnecessary to consider its effect." *Smale v. Wrought Washer Mfg. Co.* 160 Wis. 331, 334, 151 N. W. 803.

The fact that the defendant is subject to the provisions of the workmen's compensation act does not deprive the plaintiff of his right to recover of the defendant in tort. In order to make the remedy provided by the compensation act the exclusive remedy of the plaintiff, as against the defendant, it must further appear that the compensation act makes the defendant liable to pay compensation to the plaintiff. *Sheban v. A. M. Castle & Co.* 185 Wis. 282, 286, 201 N. W. 379. It affirmatively appears that defendant is not liable to the plaintiff under sec. 102.06 of the Statutes because it is alleged that the contractor, plaintiff's employer, is subject to the act and that he has insurance as required by sub. (2) of sec. 102.28.

The workmen's compensation act deals only with the relationship of employer and employee. The defendant *Pump Company* was not the employer of the plaintiff. No relationship of employer and employee ever existed between plaintiff and defendant. That relationship alone is the one that brings the parties under the compensation act and limits liability to the compensation provided by the act. Sec. 102.06 of the Statutes does not create the relationship of employer and employee where it does not exist as a matter of fact.

Cermak v. Milwaukee Air Power Pump Co. 192 Wis. 44.    Dissent.

The purpose of this section is to insure the payment of compensation,—to put the defendant *Pump Company* in the place of an insurance carrier in case compensation insurance is not carried.  The fact that the defendant *Pump Company* is made the insurer of compensation does not make it an employer under the statute any more than any insurance carrier is put in the relationship of an employer of an injured employee by the fact that it has insured the payment of compensation.

The plaintiff was lawfully upon the defendant's premises for the purpose of aiding in the construction of its building. "Under the decisions of this court the defendant was bound to refrain from acts of affirmative negligence."  *Taylor v. Northern C. & D. Co.* 161 Wis. 223, 229, 152 N. W. 465. The plaintiff alleges that his injury was caused by one acting for the defendant who carelessly and negligently struck the plaintiff in the back of the head with an iron pipe.  This was an act of "affirmative negligence" which makes the defendant answerable in damages for such injury.  *Taylor v. Northern C. & D. Co.* 161 Wis. 223, 229, 152 N. W. 465; *Hupfer v. National D. Co.* 114 Wis. 279, 284, 90 N. W. 191.

Under the provisions of sec. 102.29 of the Statutes the making of the claim for compensation assigned this cause of action for negligence to the Construction Company.  Under the amendment made by stipulation in open court, this cause of action was re-assigned by the Construction Company to the plaintiff.  The facts stated in the portion of the answer to which demurrer was interposed do not state a defense to this cause of action in tort.  The demurrer was therefore properly sustained.

*By the Court.*—Order affirmed.

Rosenberry, J. (*dissenting*).  I cannot concur either in the opinion as written or the result reached by the court in

this case, and I feel it my duty in this case to state the reasons for my dissent.

 The defendant *Pump Company* employed the Universal Construction Company to construct a building; the Universal Construction Company employed the plaintiff as one of its workmen; both companies were under the workmen's compensation act. The plaintiff was injured, made claim for compensation against the Universal Construction Company, which paid the amount of the award, and upon the facts as stipulated thereafter re-assigned the cause of action thus acquired, if any existed, to the plaintiff, who brings this action against the defendant *Pump Company,* claiming that it is liable by reason of its negligence for the injuries sustained by the plaintiff. There exists no doubt in my mind that the workmen's compensation act preserves to the injured workman, and in the case of an award to him under the compensation act for the benefit of his employer, such cause of action as may exist at common law against a third person.

The crucial question in this case is, Was the defendant *Pump Company* a third or other person within the meaning of the statute? The beneficent purposes of the workmen's compensation law have been so often and exhaustively dealt with that it is not necessary to do more than recall the general scope and purpose of the act, which was to charge against any particular industry or operation liability for injuries incurred by workmen in the carrying on of the industry or operation. It may be conceded at the outset that if we look only to the language of sec. 102.29, Stats., the result reached by the court follows as a matter of strict logic. It is my contention that the statute should be construed as a whole and that the clearly expressed legislative intent should be given full effect. The court holds that because the defendant *Pump Company* is not directly liable to the injured employee for compensation, it is of necessity "a third person" within

the meaning of sec. 102.29. That section provides that the making of a lawful claim by an injured employee under the act shall operate as an assignment of any cause of action which the employee "may have against any other party for such injury or death," and that if the employer recover against such "third party" in no event shall the beneficiary receive less than one third the amount recovered from the third party, less the reasonable cost of collection. Sub. (2), sec. 102.29, provides that the commencement of an action by an employee against a third party shall operate as a waiver of any claim for compensation against the employer.

Sec. 102.04 defines an employer as follows:

"(2) Every person, firm, and private corporation (including any public-service corporation), who has any person in service under any contract of hire, express or implied, oral or written, and who, at or prior to the time of the accident to the employee for which compensation under sections 102.03 to 102.34, inclusive, may be claimed. . . ."

Sec. 102.06 provides:

"An employer subject to the provisions of sections 102.03 to 102.34, inclusive, shall be liable for compensation to an employee of a contractor or subcontractor under him who is not subject to sections 102.03 to 102.34, inclusive, or who has not complied with the conditions of subsection (2) of section 102.28 [relating to insurance to be carried by the subcontractor] in any case where such employer would have been liable for compensation if such employee had been working directly for· such employer."

Within the plain language of this section the defendant *Pump Company* was an employer, and it was admittedly subject to the provisions of the act and otherwise liable, therefore, for compensation to any employee of the Universal Construction Company, saving and excepting only that the Universal Construction Company was under the act and carried the requisite amount of insurance prescribed by the act.

Being under the act, the employing defendant *Pump Company* certainly did not take itself out from under the act because it performed the duties prescribed for it by the act, in requiring its subcontractor to come under the act and carry insurance.   If the employing defendant *Pump Company* was under the act, it is certainly an unreasonable construction to say that because it complied with the terms of the act it ceased to be under it.   The manifest purpose of sec. 102.06 is to insure to employees the protection of the workmen's compensation act by making the principal employer liable directly to the injured employee unless the intervening employer has done certain things prescribed by the act.   For purposes of illustration, suppose the following case: A. is a principal employer.   He hires two subcontractors, L. and M., all three being under the workmen's compensation act, each of the two subcontractors being required by the terms of the act to carry insurance conformable with the terms of the act. Each of the subcontractors procures such insurance and enters upon the performance of their respective portions of the work.   Subcontractor L. is insured in a company which goes into bankruptcy and so avoids the insurance.   Before new insurance is procured, an employee of subcontractor L. and an employee of subcontractor M. are each injured in the same accident under precisely the same conditions.   Under the construction adopted by the court A. would be liable to the employee of subcontractor L. under the workmen's compensation law, while A. would be liable to the employee of subcontractor M. in a common-law action of tort, simply because in one instance the court has denominated A. an employer and in the other case, under precisely the same circumstances, has said that he is a third or other party.

I cannot concur in a construction which seems to me to be so absolutely opposed to the clear legislative purpose and which penalizes A. if he complies with the act and requires

one subcontractor to come under the act and take out insurance and limits his liability if he contracts with another contractor who does not come under the act and does not take out insurance.   The defendant *Pump Company* was a corporation from which, at or prior to the time of the accident to the employee, compensation under secs. 102.03 to 103.34, inclusive, might be claimed, and was therefore an employer. The act does not say that at the time of the happening of the accident an employer is limited to one who is then liable for compensation under the act.   If he has been so liable at any time and the act by its express terms makes him liable unless he does certain things, he is an employer within the meaning of sec. 102.29.   It is not enough to say that he might never at any moment of time have been liable to any particular injured employee; the mere fact that the contingency which might make him liable does not arise, does not take him out of the class of persons from whom compensation may be claimed when the contingency does arise, and he is therefore under the act and not another person or third party within the meaning of the act.

If the principal contractor, who has complied with the law and required his subcontractor to protect his employees by insurance, is not an employer within the meaning of the statute, I see no constitutional basis upon which liability may be imposed upon him.   It is said that by accepting the terms of the act he becomes an insurer; the act makes no provision for third or other parties bringing themselves within its terms. One not an employer cannot "accept the provisions of the act."   The relationship is certainly not that of insured and insurer, for that relationship implies the voluntary agreement to assume by contract a definite obligation.   The act has been construed by the industrial commission, by employers, and by the representatives of labor in accordance with the contention of appellant, and I regard it as unfortunate that what seems to me to be a much narrower construction is

now placed upon it, which seems to me not to be consonant with the scope and purposes of the act generally.

I am therefore of the opinion that the order should be reversed.

I am authorized to say that Mr. Justice Eschweiler and Mr. Justice Crownhart concur in this dissent.

A motion for a rehearing was denied, with $25 costs, on February 8, 1927.