(No. 13482.—Judgment affirmed.)

THE CITY OF CHICAGO, Plaintiff in Error, vs. THE IN-
DUSTRIAL COMMISSION et al.—(TENIE MURRAY, De-
fendant in Error.)

*Opinion filed December 21, 1920.*

WORKMEN'S COMPENSATION—*employee of one who contracts with
city is not excluded from provisions of Compensation act.* An em-
ployee of one who contracts with a city is not excluded from the
benefits of the Compensation act by the proviso in section 5 that
such employee shall not be considered an employee of the city, as
under section 31 a city is liable, in the cases mentioned in that sec-
tion, to pay compensation not only to its own employees but also
to the employees of the contractor, unless such contractor shall
have insured or guaranteed his liability to pay compensation.

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. OSCAR M. TORRISON, Judge, presiding.

SAMUEL A. ETTELSON, Corporation Counsel, and WIL-
LIAM H. DEVENISH, City Attorney, (ROBERT H. FARRELL,
of counsel,) for plaintiff in error.

BEACH & BEACH, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This writ of error was awarded on the petition of the
city of Chicago to review a judgment of the circuit court
of Cook county which confirmed an award of compensa-
tion by the Industrial Commission in favor of Tenie Mur-
ray against the city of Chicago and Susan Burns for an
injury received by Tenie Murray, and the sole question
presented, as stated in the brief of the plaintiff in error,
is whether a city is liable, under section 31 of the Work-
men's Compensation act, to pay compensation to an em-
ployee of an independent contractor who has not insured
or guaranteed his liability to pay such compensation.

Tenie Murray was injured as the result of a collision between an ash-wagon upon which he was riding and a street car in the city of Chicago. At the time of the accident he was driving a team owned by Susan Burns, who furnished the team, wagon and driver to haul ashes and garbage for the city under the direction of the ward superintendent of the city and the inspection of city inspectors, whose duty it was to see that the alleys of the city were kept clean and that the drivers of wagons did their work in a satisfactory manner. The decision of the Industrial Commission finds that at the time of the accident the petitioner was an employee of the respondent Susan Burns, who was a sub-contractor of the respondent the city of Chicago; that at the time of the accident she was not insured in any company or association authorized under the laws of this State to insure her liability to pay compensation under the Workmen's Compensation act and that she had not guaranteed her liability to pay such compensation. The plaintiff in error contends that section 5 of the Workmen's Compensation act excludes from the provisions of that act the employees of a contractor.

Section 31 of the Compensation act provides that "anyone engaging in any business or enterprise referred to in sub-sections 1 and 2 of paragraph (b) of section 3 of this act, who undertakes to do any work enumerated therein, shall be liable to pay compensation to his own immediate employees in accordance with the provisions of this act, and in addition thereto, if he directly or indirectly engages any contractor, whether principal or sub-contractor to do any such work, he shall be liable to pay compensation to the employees of any such contractor or sub-contractor unless such contractor or sub-contractor shall have insured, in any company or association authorized under the laws of this State to insure the liability to pay compensation under this act, or guaranteed his liability to pay such compensation." (Laws of 1917, p. 504.)

The language of this section makes it applicable to a city engaged in any business or enterprise of the kind mentioned. Section 5 of the act defines the term "employee" so as to include every person in the service of a city under appointment or contract of hire except any official of the city, and contains the proviso that one employed by a contractor who has contracted with the city shall not be considered as an employee of the city which made the contract. The contention of the plaintiff in error that this section excludes from the provisions of the act the employee of a contractor cannot be sustained. It simply declares that such employee shall not be considered an employee of the city and by such provision excludes the contractor of the employee from the general provisions of the act, but section 31 expressly provides that the city shall be liable, in the cases mentioned in that section, to pay compensation, not only to its own employees in accordance with the provisions of the act but also to the employees of the contractor, unless such contractor shall have insured his liability to pay compensation or guaranteed his liability. No claim is made that the city was not engaged in any business or enterprise referred to in sub-sections 1 and 2 of section 3 or that Susan Burns was not engaged to do any work enumerated in those sub-sections. We held in *City of Rock Island* v. *Industrial Com.* 287 Ill. 76, that a city, in the sweeping and cleaning of its improved public streets, is engaged in the business of maintaining a structure, and that the finding of the Industrial Commission in that case that a person who was engaged in such work was engaged in an extra-hazardous occupation could not be said to have been unsupported by the evidence.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*