(No. 14062.—Reversed and remanded.)

JOSEPH GOLDSMITH, Appellant, *vs.* JOHN BARTON PAYNE, Director General of Railroads, Appellee.

*Opinion filed October 22, 1921—Rehearing denied Dec. 13, 1921.*

1. WORKMEN'S COMPENSATION—*when railroad company is subject to Compensation act.* A railroad company engaged in intrastate commerce is subject to the Compensation act, but a railroad company engaged in interstate commerce is not subject to the act.

2. SAME—*when railroad company has burden of proving that it is not under Compensation act.* To avoid liability under the Compensation act a railroad company engaged in both interstate and intrastate commerce has the burden of showing that the work being done at the time of the injury was in interstate commerce.

3. SAME—*provisions of section 6 of Compensation act do not apply to liability of third parties.* The provisions of section 6 of the Compensation act that no common law or statutory right to recover damages for injury or death sustained by an employee, other than the compensation provided by the act, shall be available to any employee covered by the provisions of the act, apply only to the right of the employee against his employer and have no reference to the liability of third persons causing the injury.

4. SAME—*when injured employee may bring action against third party causing injury.* Under section 29 of the Compensation act, if a third party who causes an injury to an employee is bound by the provisions of the act the right to recover damages shall belong to the employer and is limited to the amount of compensation payable under the act, but if the third party so liable for the injury is not bound by the provisions of the act then legal proceedings may be brought against such party by either the employer or the injured employee.

5. SAME—*Compensation act divides employers and employees into two classes.* The Compensation act divides employers and employees who are under its provisions from employers and em-

ployees who are not under the act and establishes a different rule in regard to the respective rights and liabilities of all employers and employees under the act from that which applies to those not under its provisions.

6. NEGLIGENCE—*when employee of third person may maintain action for negligence against a railroad company.* Where an employee of a concern which is under the Compensation act is injured by a train of a railroad company engaged in interstate commerce the injured person may maintain an action on the case against the railroad company, and the company cannot invoke section 29 of the Compensation act as a defense.

APPEAL from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding.

RALPH J. DADY, and MORSE IVES, for appellant.

EDGAR R. HART, I. C. BELDEN, and HERVEY C. COULSON, (NELSON J. WILCOX, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Joseph Goldsmith brought an action on the case in the circuit court of Lake county against the Director General of Railroads for the United States, operating the railroad of the Chicago and Northwestern Railway Company, for damages for injuries received on January 13, 1920. The declaration averred that the defendant was operating as a common carrier a certain train in interstate commerce and his employees engaged in the operation of the train were engaged in interstate commerce, and that the plaintiff, while riding in a vehicle upon a public street in the city of Waukegan across the railroad track and exercising all due care for his own safety, was injured by the negligence of the defendant's servants. The defendant filed the general issue and two special pleas, which alleged that in operating the train the defendant was engaged in both intrastate and interstate commerce, and that the plaintiff was an employee of the Great Lakes Fruit Company, an Illinois corpora-

tion.   Facts were alleged showing that the plaintiff, the Great Lakes Fruit Company and the defendant were all bound by the provisions of the Workmen's Compensation act of the State of Illinois, and that the plaintiff's injuries arose out of and in the course of his employment by the Great Lakes Fruit Company, wherefore it was averred that the plaintiff's right to damages for the injuries complained of was under the Workmen's Compensation act and this action could not be maintained.   The plaintiff demurred to the special pleas, the demurrer was overruled, the plaintiff electing to stand by his demurrer judgment was rendered against him, and he has appealed directly to this court on the ground that a constitutional question is involved.

A railroad company engaged in intrastate commerce is subject to the Workmen's Compensation act.   *(Keeran* v. *Peoria, Bloomington and Champaign Traction Co.* 277 Ill. 413; *Friebel* v. *Chicago City Railway Co.* 280 id. 76.)   A railroad company engaged in interstate commerce is not subject to that act.   *(Staley* v. *Illinois Central Railroad Co.* 268 Ill. 356.)   To avoid liability under the act a railroad company engaged in both interstate and intrastate commerce has the burden of showing that the work being done at the time of the injury was in interstate commerce.   *(Payne* v. *Industrial Com.* 296 Ill. 223.)   It appears from the pleadings that in the occurrence in which the plaintiff was injured the defendant was engaged in interstate commerce and was therefore not bound by the provisions of the Workmen's Compensation act.   Section 3 of that act provides that its provisions shall apply automatically to all employers and employees engaged in carriage by land or water, but, as held in *Staley* v. *Illinois Central Railroad Co. supra,* the Congress of the United States, by the Federal Employers' Liability act, has taken jurisdiction of the subject matter of the Workmen's Compensation act so far as it applies to interstate commerce and has excluded carriers engaged in interstate commerce from the provisions of that act.

The special pleas were based upon sections 6 and 29 of the Workmen's Compensation act. Section 6 provides that no common law or statutory right to recover damages for injury or death sustained by an employee engaged in the line of his duty, other than the compensation provided by the act, should be available to any employee covered by the provisions of the act or his legal representative or to anyone dependent upon him or otherwise entitled to recover damages for such injury. These provisions apply only to the right of the employee against his employer and have no reference to the liability of third persons causing injury to the employee. By section 29, however, the rights of employees suffering injury or death in the course of or arising out of the employment, not proximately caused by the negligence of the employer but caused under circumstances creating a legal liability for damages on the part of some person other than the employer, are dealt with, and it is declared that if the person, other than the employer who is liable for damages for the injury or death, is bound by the provisions of the act, the right to recover damages shall belong to the employer and shall be limited to the amount of compensation payable under the act, but if the person, other than the employer, so liable for damages is not bound by the provisions of the act, then legal proceedings may be brought against such other person by either the employer or the injured employee. (*Gones* v. *Fisher,* 286 Ill. 606.) The act divides employers and employees who are under its provisions from employers and employees who are not under its provisions, and establishes a different rule in regard to the respective rights and liabilities of all employers and employees under the act from that which applies to employers and employees not under the act. (*Keeran* v. *Peoria, Bloomington and Champaign Traction Co. supra.*) In *Vaughan's Seed Store* v. *Simonini,* 275 Ill. 477, and *Marshall* v. *City of Pekin,* 276 id. 187, it was held that an employer might be subject to the provisions of the

Workmen's ·Compensation act so far as some part of his business was concerned and not subject to its provisions so far as another part of his business was concerned. If he was engaged in any extra-hazardous business of the character of those mentioned in the act then he would be subject to the act so far as his employees engaged in that business were concerned, but he would not be under the provisions of the act so far as other employees not engaged in the extra-hazardous business were concerned. The last two cases cited arose under the act of 1913 while this case is governed by the act of 1917, the provisions of which apply without election to all employees of employers engaged in any business declared by the act to be extra-hazardous. Being engaged in carriage by land, appellee is subject to the provisions of the Workmen's Compensation act so far as the intrastate business which he transacts is concerned, and would be subject to its provisions as to all his business as a carrier but for the fact that Congress having assumed jurisdiction to regulate his interstate business in this respect has excluded it from the operation of the Workmen's Compensation act. While the Federal Employers' Liability act has no application to the appellant or his injury, it does have the effect of excluding the appellee from the provisions of the Workmen's Compensation act as to the business in which he was engaged when the appellant was injured. Therefore, when engaged in interstate commerce the appellee and his employees so engaged are not bound by· the act, and he is not entitled to the benefit of the provisions of section 29 in favor of employers who are bound by the act. The pleas did not state any defense to the action.

The judgment will be reversed and the cause remanded, with directions to sustain the demurrer.

*Reversed and remanded, with directions.*