ARTIFICIAL ICE AND COLD STORAGE COMPANY *v.*
WALTZ.

[No. 11,844.    Filed February 19, 1925.    Rehearing denied June
25, 1925.    Transfer denied December 6, 1927.]

1.  MASTER AND SERVANT.—*Employer's failure to exact from contractor certificate from Industrial Board does not affect liability of contractor to his employees, but merely creates secondary liability on himself.*—The only effect of the failure of a person contracting for the performance of any work to exact, from the contractor a certificate from the Industrial Board as required by §14 of the Workmen's Compensation Act (§9459 Burns 1926) is to create a secondary liability on the part of the employer and the statute does not affect the liability of the contractor to his employees.  p. 540.

2.  MASTER AND SERVANT.—*Employee injured by negligence of third party may claim compensation from employer and prosecute action against negligent party at same time, but cannot collect from both.*—Under §13 of the Workmen's Compensation Act (§9458 Burns 1926), an employee injured in the course of his employment by the negligence of another than his employer may, at his option, "claim compensation from the employer, or proceed at law against such other person to recover damages, or may proceed against both the employer and such other person at the same time," the only limitation being that he cannot collect compensation from his employer and also collect damages from the third party.  p. 541.

3.  MASTER AND SERVANT.—*Employer of contractor held "some other person than employer" within the meaning of §13 of Workmen's Compensation Act.*—One employing a contractor to do certain work, as to such contractor's employees, is "some other person than the employer" within the meaning of §13 of the Workmen's Compensation Act (§9458 Burns 1928), providing that where an employee sustains an injury under circumstances which create a liability in some other person than his employer, he may, at his option, proceed under the Workmen's Compensation Act against his employer or maintain a common-law action against such third person.  p. 541.

4.  MASTER AND SERVANT.—*Sections 6 and 13 of Workmen's Compensation Act must be construed together, and former does not affect employee's rights under latter.*—Sections 6 and 13 of the Workmen's Compensation Act (§§9451, 9458 Burns 1926) must be construed together, and, so construed, the former applies only to the rights of the employee against his employer and

does not affect his rights under §13 to prosecute a common-law action against a third party that caused his injury.   p. 542.

5.   MASTER AND SERVANT.—*Section 13 of Workmen's Compensation Act preserves common-law rights of injured employee against all persons but his employer.*—Section 13 of the Workmen's Compensation Act (§9458 Burns 1926) preserves the common-law rights of an employee to prosecute an action for damages against any one other than his employer who injures him,· and also gives the employer a right, under certain conditions, to prosecute an action against such third party.   p. 545.

6.   MASTER AND SERVANT.—*Right of employee injured by another than employer to collect compensation through Workmen's Compensation Act not exclusive, but he may maintain common-law action against party that injured him.*—The right of an injured employee to proceed under §14 of the Workmen's Compensation Act (§9459 Burns 1926) to collect compensation from his employer and the party who employed his employer to do the work, without exacting a certificate from the Industrial Board that the contractor had complied with the act, is not exclusive, but such injured employee may maintain a common-law action against a third party that caused his injury, notwithstanding the fact that all of such parties were subject to the compensation act.   p. 548.

7.   NEGLIGENCE.—*Doctrine of res ipsa loquitur held applicable to injury to workman repairing elevator, resulting from fall of elevator.*—The doctrine of *res ipsa loquitur* was applicable where a workman was injured by the fall of a freight elevator in an ice plant which was used to hoist heavy loads of ice, the elevator being used as an instrumentality in making repairs on the elevator, but was under the control of the defendant, where it was shown that the elevator fell because of the breaking of a chain which was used to hoist the elevator, but the evidence was, conflicting as to the cause of the chain breaking, there being no evidence as to the strength of the chain or as to its condition before or after the accident, and, therefore, the burden was on the defendant to explain the cause of the elevator's fall.   p. 549.

8.   TRIAL.—*Mandatory instruction to find for plaintiff in personal injury case if certain facts were proved held not reversible error, though omitting all reference to contributory negligence.*—In an action for personal injuries charged to have resulted from defendant's negligence, an instruction directing a verdict for the plaintiff if certain facts were proved, but omitting any reference to contributory negligence of plaintiff, was not reversible error where other instructions were to the effect that there could be no recovery if plaintiff was guilty

of contributory negligence, and the appellant failed to point out any evidence that would sustain a finding of such negligence. p. 551.

From Marion Superior Court (A 15,002) ; *Clinton H. Givan,* Judge.

Action by Charles Waltz against the Artificial Ice and Cold Storage Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*James W. Fesler, Harvey J. Elam, Howard S. Young* and *Irving M. Fauvre,* for appellant.
*White, Wright & McKay,* for appellee.

McMAHAN, J.—Appellee recovered judgment against appellant on account of injuries received through the negligence of appellant. The complaint is in two paragraphs, each of which alleges that appellant, being the owner of an ice manufacturing plant in which there was an elevator or lift, contracted with Hugo Wuelfing to make certain repairs to the shaft through which such elevator was run and operated; that appellee, being in the employ of Wuelfing, was by the latter instructed to go to appellant's plant for the purpose of making such repairs; that when he reached appellant's plant, appellant told him what to do, after which he started to erect the necessary scaffolding, when appellant instructed him not to erect a scaffold, as that would interfere with the running of the elevator, but to do his work from the top of the elevator, and that one of appellant's servants would operate the elevator for that purpose, and that while appellee was making the repairs, he was injured by reason of the negligence of appellant.

A demurrer to each paragraph of complaint being overruled, appellant filed answer in two paragraphs, the first being a general denial. The second alleges that

appellant did not exact from the contractor, Wuelfing, a certificate from the Industrial Board showing that such contractor had complied with §68 of the Workmen's Compensation Act; that appellee, as employee of the contractor, had given no notice to his employer nor to appellant that he was not working under the compensation act; that, in fact, appellee, his employer, Wuelfing, and appellant, at the time of the accident, were all working under and subject to the provisions of the Workmen's Compensation Act; that the rights of all the parties were covered and determined by that act; that appellee had no right to maintain any action on account of his injury except before the Industrial Board for compensation, and that the court had no jurisdiction of the matters alleged in the complaint.

A demurrer having been sustained to the second paragraph of answer, the cause was tried by a jury and resulted in a verdict and judgment for appellee.

Appellant, in the memorandum attached to its demurrer, calls attention to §6 of the Workmen's Compensation Act, Acts 1915 p. 393, and §§13 and 14 as amended in 1919, Acts 1919 p. 159, and says that the jurisdiction of the subject-matter of the complaint is in the Industrial Board and not in the court. This contention is based upon the theory that §6 of the act excludes all common-law rights and remedies; that the only remedy appellee had, in so far as appellant is concerned, was to proceed under said §14 and file his application with the Industrial Board for compensation, and that the provision in §14 concerning the failure of the person having the work done to exact the certificate from the contractor must be held to exclude the person so failing to exact such certificate from liability to actions at common law for damages, the same as the contractor is exempted from liability at common law.

Said sections read as follows: "6. The rights and remedies herein granted to an employee subject to this act on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise on account of such injury or death.

"13. Whenever an injury or death, for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee, or his dependents, in case of death, *at his or their option,* may claim compensation from the employer *or proceed at law against such other person to recover damages, or may proceed* against both the employer and such other person at the same time, but he or they shall not *collect from both;* and, if compensation is awarded and accepted under this act, the employer, having paid compensation or having become liable therefor, may collect, in his own name or in the name of the injured employee, or, in case of death, in the name of his dependents, from the other person in whom the legal liability for damages exists the compensation paid or payable to the injured employee or his dependents. (Our italics.)

"14. The state, any political division thereof, any municipal corporation, any corporation, partnership or person contracting for the performance of any work without exacting from the contractor a certificate from the Industrial Board, showing that such contractor has complied with section 68 of this act, shall be liable to the same extent as the contractor for compensation, physician's fees, hospital fees, nurse's charges and burial expenses, on account of the injury or death of any employee of such contractor, due to an accident arising out of and in the course of the performance

of the work covered by such contract. * * * The state, any political division thereof, any municipal corporation, any corporation, partnership, person, principal contractor, intermediate contractor or subcontractor, paying compensation, physician's fees, hospital fees, nurse's charges, or burial expenses under the foregoing provisions of this section, may recover the amount paid from any person who, independently of such provisions, would have been liable for the payment thereof. Every claim filed with the Industrial Board under this section shall be instituted against all parties liable for payment, and said board, in its award, shall fix the order in which said parties shall be exhausted, beginning with the immediate employer."

After the commencement of this action, appellant filed an application with the Industrial Board asking it to determine the compensation to which appellee was entitled under the Workmen's Compensation Act on account of his injury, and to grant him such relief as he might be entitled under the law. In answer to a question based upon a certified statement of facts, this court advised the Industrial Board that it did not have jurisdiction to hear said application and to make an award of compensation to appellee. *In re Waltz* (1924), 79 Ind. App. 298, 138 N. E. 94.

And, as was there said: "It is to be observed that section 13, *supra*, relates to injuries or death for which compensation is payable under the act, and which shall have been sustained *under circumstances creating* in some persons other than the employer a *legal liability* for 'damages,' while said §14 creates only a secondary liability for 'compensation,' on the part of the person contracting for the performance of any work without exacting from the contractor a certificate from the Industrial Board. This last section has no bearing on the question of damages and creates no liability on

the part of any one for damages. It is limited to compensation. The only effect of a failure to exact the certificate referred to is to make the party so failing 'liable to the same extent as the contractor for compensation, physician's fees, hospital fees, nurse's charges and burial expenses on account of injury or death of any employee of such contractor, due to an accident arising out of and in the course of the performance of the work covered by such contract.'"

Appellee was not an employee of appellant. He was an employee of Hugo Wuelfing. There is no allegation in the complaint that either appellee or his employer was working under the compensation act.

1.    Assuming they were both subject to the act, appellee could, under the facts alleged in the answer, have filed a claim with the Industrial Board against appellant, but said §14 required that such claim, "shall be instituted against all parties liable for payment." The only effect of a failure of a person contracting for the performance of any work to exact the certificate is to create a secondary liability for compensation on the part of the person so failing. This section does not change or affect the liability of the immediate employer and his insurance carrier. They remain primarily liable for compensation, physician's fees, etc., and the employee is required to exhaust them before he can collect anything from the person for whom the work is being done. But, as was held by the Supreme Court in *Employers', etc., Assurance Co.* v. *Indianapolis Trac. Co.* (1924), 195 Ind. 91, 144 N. E. 615, §13, *supra*, authorizes "the employer," when he has paid or become legally bound to pay compensation, to bring an action in his own name to collect from a person who negligently injured his employee "the indemnity paid or payable to the injured employee."

Said §13, not only authorizes the employer of the injured workman to prosecute an action against the negligent third party for "the compensation 2, 3. paid or payable to the injured employee," but it also provides that the injured employee, at his option, may "claim compensation from the employer, or proceed at law against such other person to recover damages, or may proceed against both the employer and such other person at the same time." The only limitation is that the injured employee cannot collect compensation from his employer and also collect damages from the third party. The words "some person other than the employer," as used in §13, should be given their plain and usual meaning. As to Mr. Waltz, appellant was a person other than his employer. *Webster* v. *Stewart* (1920), 210 Mich. 13, 177 N. W. 230; *Churchill* v. *Stephens* (1917), 91 N. J. Law 195, 102 Atl. 657.

In *Pittsburgh, etc., R. Co.* v. *Parker* (1921), 191 Ind. 686, 132 N. E. 372, Parker was an employee of a contractor who was building forms for a concrete bridge that was being constructed by the railroad, and, being injured, as claimed, by reason of the negligence of the railroad company, commenced an action against the latter for damages. The Industrial Board had theretofore made an award of compensation in favor of Parker against the employer, and Parker had accepted compensation under the award. The court correctly held that the employee, having collected compensation from his employer, could not thereafter prosecute an action against the railroad for damages. A recovery was denied for the reason that the statute expressly provides that the injured workman "shall not collect from both," the employer and the third party who caused the injury.

Sections 6 and 13 must be construed together, and, notwithstanding the provisions of §6, §13 recognizes

that an injury may be caused under such circum-
stances as will create a legal liability in some per-
son other than the employer and preserves the
right of the employees to proceed against both. *Houli-
han* v. *Sulzberger & Sons Co.* (1917), 282 Ill. 76, 118 N. E.
429. In that case, the court, in speaking of a similar
statute, said: "It did not take away from the employee
the common-law liability to him of a third person, but
expressly preserved the right to proceed against such
third person as well as the employer, and such right was
in no way limited, though if there was a recovery of
damages the employer was entitled to indemnity out of
them." As was said in *Goldsmith* v. *Payne* (1921), 300
Ill. 119, 133 N. E. 52, where the court, speaking of a sec-
tion of the compensation act of that state, which was,
in substance, the same as §6 of our act: "These pro-
visions apply only to the rights of the employee against
his employer, and have no reference to the liability of
third persons causing injury to the employee." A new
compensation law was enacted in Illinois in 1913,
§29 of which took away the right of an injured
employee to prosecute a common-law action for dam-
ages, when the negligent third party, the employee and
his employer were all subject to the provisions of the
act, but allowed the injured employee the right to prose-
cute his action for damages against the third person
when the latter was not subject to the compensation
act. *Goldsmith* v. *Payne, supra; O'Brien* v. *Chicago
City Ry. Co.* (1922), 305 Ill. 244, 137 N. E. 214. In
*Moeser* v. *Shunk* (1924), 116 Kans. 247, 226 Pac. 784,
the court, referring to a statute similar to §13, *supra*,
held it was not intended to be for the benefit of the third
party, nor to relieve him from liability, and said: "The
statute does not attempt in any way to determine the
rights or liability of the employee in respect to a person
not his employer. It does not repeal the statute provid-

ing for an action for wrongful death (R. S. 60-3203), nor does it take away from an employee his common-law right of action for injury to the person against one not his employer who by negligence has caused the death or injury."

In *Bristol Telephone Co.* v. *Weaver* (1921), 146 Tenn. 511, 243 S. W. 299, the court, in construing a statute the same as ours, said: "The purpose and effect of our Workmen's Compensation Act is to control and regulate the relations between an employer and his employees. As between them the remedies there provided are exclusive when both are under the act at the time of the accident. The act does not attempt in any way to abridge the remedies which any employee of one person may have at law against a third person for a tort which such third person commits against him." After referring to §14 of the act of that state, which is the same as §13 of our act, the court, continuing, said: "It will readily be seen that the provisions of this section of the Workmen's Compensation Act are strictly for the benefit of the employer and employee. It in no way protects a third person, from suit, whose negligence may have contributed to the injury or death of the employee. There is nothing in said section which abridges or limits the employee's common-law right of action against such third person." And after calling attention to the Washington act, which abolishes the right to prosecute civil actions for personal injuries, said: "Our act nowhere undertakes to deny or abridge the employee's common-law right of action against a third person whose negligence may be the sole or a contributing cause of his injury. There is therefore no reason why plaintiff cannot maintain her suit against defendants." *City of Chicago* v. *Industrial Com.* (1920), 295 Ill. 291, 129 N. E. 112, is not in point. Section 31 of the compensation act of Illinois requires employers to pay com-

pensation to their own employees and to the employees of uninsured contractors engaged by them.

Without entering into any further review of the authorities, we hold there was no error in overruling the demurrer to the complaint.

Appellant next contends that the court erred in sustaining the demurrer to the second paragraph of answer. In support of this contention, appellant calls attention to the fact, as alleged in this answer, that appellee's employer and appellant were both carrying compensation insurance, were subject to the compensation act, and that appellee was also subject to the act, and insists that appellant was only liable for compensation under §14, *supra*.

In *White* v. *George A. Fuller Co.* (1916), 226 Mass. 1, 114 N. E. 829, George A. Fuller Company had a contract for the erection of a building. White was an employee of a subcontractor doing work under a contract with the Fuller company, and being injured through the negligence of one of the employees of the Fuller company, he brought an action at law against the latter for damages. The defendant carried compensation insurance, but the subcontractor by whom the plaintiff was employed was not insured. Part 3, §17 of the Massachusetts Workmen's Compensation Act provides as follows: "If a subscriber enters into a contract, written or oral, with an independent contractor to do such subscriber's work, or if such a contractor enters into a contract with a subcontractor to do all or any part of the work comprised in such contract with the subscriber, and the association would, if such work were executed by employees immediately employed by the subscriber, be liable to pay compensation under this act to those employees, the association shall pay to such employees any compensation which would be payable to them under

this act if the independent or subcontractors were subscribers." Under this section of the statute, White, as one of "such employees," was entitled to compensation from the defendant, who was a "subscriber," and who, as an employer, was primarily liable to the plaintiff for compensation. The statute practically compelled the defendant to carry insurance for the benefit of the plaintiff, who was there held to be an employee of the Fuller company, and not having given notice that he claimed his right of action at common law for damages, his only rights, as against the defendant, arose under the compensation act. White had the same rights as the immediate employees of the defendant. There is nothing in the Workmen's Compensation Act of Indiana similar to said §17 of the Massachusetts act. White, under the Massachusetts act, was made an employee of the general contractor. Since White, as an employee, and the general contractor, as employer, were both subject to the compensation act, their rights and liabilities were measured by that act, which expressly provided that an employee of a "subscriber" waived his right of action at common law to recover damages for personal injuries, unless he gave his employer written notice that he claimed such rights. No other conclusion could have been reached in that case than the one that was reached. As has heretofore been shown, §6 of our compensation act has to do only with the employee and his employer. It does not affect any party other than the employee and his immediate employer.

Section 13 preserves the common-law rights of an employee to prosecute an action for damages against any one other than his employer who negligently injures him, and also gives the employer a right, under certain conditions, to prosecute an action against such third party.

Section 14, as originally enacted, Acts 1915 p. 392, like §17 of the Massachusetts act, made a contractor liable for compensation to any employee injured while in the employ of any one of his subcontractors and engaged upon the subject-matter of the contract to the same extent as the immediate employer. It, like the Massachusetts statute, compelled every contractor to carry insurance for the benefit of the employees of the subcontractors, and, in case the contractor was compelled to pay compensation under that section, he was given the right to recover the amount so paid from the immediate employer of the injured employee. This section, however, was materially changed in 1919, Acts 1919 p. 159. As amended, it does not require a person contracting for the performance of work to carry insurance for the benefit of an employee not his own. Nor does it require a contractor contracting with a subcontractor to carry such insurance. Its purpose is to relieve such person and such contractor from the necessity of carrying insurance, by exacting the certificate showing that the person employed to do the work has complied with the law. Its purpose is to relieve such person as well as a contractor from any possible liability for compensation to the employees of any one employed by them to do any work. It does not purport to take away the right of an employee who has been injured through the neglect of a person other than his employer to maintain an action for damages—a right expressly preserved by §13. It does not, in any event, make an employee of a contractor or of a subcontractor an employee of any other person, as does the Massachusetts act. The liability, if any, is voluntarily assumed by the person who fails to exact the certificate showing the employer has complied with the law. This section applies alike to every person contracting for the performance of work, without reference to whether the

person so contracting is, or is not, carrying compensation insurance and subject to the Workmen's Compensation Act, while §17 of the Massachusetts Act is limited to a "subscriber" who is carrying compensation insurance. It is very probable that the amendment of §14 of our act in 1919 was brought about by reason of the decision in *White* v. *George A. Fuller Co.*, *supra.* As was said in *King* v. *Viscoloid Co.* (1914), 219 Mass. 420, 106 N. E. 988, "* * * an existing common-law right is not to be taken away by a statute unless by direct enactment or necessary implication."

It is not to be presumed that the legislature intended that a person, by a deliberate refusal or failure to exact the certificate from the Industrial Board, could thereby destroy the right of an employee of another to prosecute an action at law for damages, and, in a case like the one now before us, limit the injured employee to a claim for compensation, and require him to collect such compensation from his employer or his insurance carrier, and thus free the negligent third party so failing and refusing to exact the certificate from all liability, in case the compensation could be collected from the immediate employer or his insurance carrier. If a third party could thus avoid an action at law for damages, there would be no inducement for exacting the certificate. Indeed there would be an inducement not to exact the certificate. Decisions in states having a statute like Massachusetts, Illinois, Montana and Washington, are of no controlling influence in this state on the question now under consideration.

In *Smale* v. *Wrought Washer Mfg. Co.* (1915), 160 Wis. 331, 151 N. W. 803, the plaintiff, an employee of the Andrae company, was sent to the shop of the washer company to do some work, and, while doing the work, was seriously injured by reason of the negligence of the washer company. Both the Andrae company and the

washer company were working under the Workmen's Compensation Act. The defendant there, as here, contended that since it and the plaintiff's employer were both subject to the provisions of the statute, it was not liable to an action at law. The court, in disposing of this contention, said: "The claim cannot be sustained. The purpose and effect of the Workmen's Compensation Act is to control and regulate the relation between an employer and his employees. As between them the remedies there provided are exclusive when both are under the act at the time of the accident. The law does not attempt in anyway to abridge the remedies which an employee of one person may have at law against a third person for a tort which such third person commits against him," except as provided in a particular section of the statute which was not applicable there nor in the instant case. See, also, *Goldsmith* v. *Payne, supra; Silvia* v. *Scotten* (1923), 32 Del. (2 Harrington) 295, 122 Atl. 513; *Muncaster* v. *Graham Ice Cream Co.* (1919), 103 Nebr. 379, 172 N. W. 52.

The right of an injured employee to proceed under §14 to collect compensation from his employer and the party failing to exact the certificate therein mentioned is not exclusive. *Ohio Traction Co.* v. *Washington* (1916), 6 Ohio App. 273. Nowhere in the statute is there any attempt to regulate or alter the rights and remedies of an employee against a person not his employer. There is nothing in the statute to indicate that the legislature intended that the right of an injured employee should be affected by reason of the fact that the negligent third party was also working under the compensation act. The fact that appellant did not exact the certificate mentioned in §14 in no wise affected the right of appellee to prosecute his action at law for damages. There was no error in sustaining the demurrer to the second paragraph of answer.

Appellant next contends that there is no evidence to sustain a finding that it was negligent, and that the doctrine *res ipsa loquitur* has no application to 7. the situation here involved, because appellee was not a passenger on the elevator, but simply employed to work with certain materials being used in repairing the elevator. Appellee was an employee of Mr. Wuelfing, who had been employed by appellant to make certain repairs in its ice house. Part of the repairs had been made, when appellee was directed to do some work on a hoist or elevator. This work consisted in taking out wooden guides and replacing them with new material furnished by appellant. When appellee started to work on the elevator, appellant's yardman and manager showed him what he was to do, and told him appellant would fix a scaffold on which he could do the work, but later appellee was informed he could not use a scaffold because it would interfere with getting in and out with ice, and that he would have to work off the top of the elevator. The elevator was raised by appellant's servant far enough to allow the removal of the guides in the lower 12 feet of the shaft. New guides were then placed in position, after which appellant lowered the elevator in order to remove the parts of the old guides immediately above those which had been removed. One of appellant's servants was present and assisted appellee in the work. Just where this servant was at the time of the accident is not disclosed. The inference is that he was not in a position where he could control the elevator. Appellee, according to his testimony, was standing on a piece of timber 3 or 4 feet above the floor of the elevator and, while he was prying the guides loose, a chain which was fastened to the timber on which he was standing, and which was used to hoist or raise the elevator, broke, causing the elevator to drop to the bottom of the shaft, and severely

injuring appellee. The elevator was raised and lowered by compressed air, and was operated by wires leading to levers. Appellant's manager or yardman was assisting appellee in doing the work. He had charge of the elevator, and raised or lowered it as was necessary. He testified that appellee was standing on the floor or platform of the elevator, and, when one of the pieces of the guides was pried loose, it fell and struck the wire leading to the lever that raised the elevator, that this started the elevator up, the elevator not being over far enough as it ascended, it caught against or under a door in the ice house, and that this prevented the elevator going up any farther, and caused the chain to break. The elevator was an instrumentality furnished by appellant for the use of appellee in doing the work, and was under the control of appellant. Appellant insists there is no evidence showing it was guilty of any negligence, and that the burden was on appellee to prove that the elevator fell by reason of some negligence on the part of appellant. Appellee contends that since the elevator was furnished by appellant and was under its control, the doctrine of *res ipsa loquitur* applies.

The chain in question had been used in hoisting the elevator for several weeks. The loads of ice hoisted on the elevator during that time weighed about 1,600 pounds. The chain was not examined before or after the accident to see whether there were any weak or defective links. The evidence fails to show its strength other than it had been used as stated. Under the circumstances, we are of the opinion that the doctrine *res ipsa loquitur* applies, and that the burden was on appellant to explain the cause of the elevators' fall. The testimony of appellee and of the yardman did not coincide as to the manner in which the elevator fell. The yardman testified that the elevator started up and struck the door above, and that this caused the chain to

break.   Appellee   says   that   the   elevator   suddenly
dropped, and says nothing about it starting upward and
striking the door before falling.   The jury evidently
accepted the testimony of appellee as being correct and
refused to accept or believe the testimony of appellant's
witness as to how the accident happened.

Appellant says the giving of instruction No. 15 con-
stitutes reversible error "because it is a binding instruc-
tion to find for the plaintiff if certain facts are
8.  proved, and the question of contributory negli-
gence is entirely left out."   It is true nothing is
said in this instruction about contributory negligence,
but the court did, in a number of instructions, tell the
jury there could be no recovery if the evidence showed
appellee was guilty of contributory negligence.   Appel-
lant has failed to point to any evidence to sustain a
finding that appellee was guilty of contributory negli-
gence.   The instructions must be considered as a whole
in connection with evidence, and, when this is done, it
is clear appellant was not harmed by the giving of this
instruction.

Complaint is also made of instructions Nos. 17 and
18 relating to the duty of a party to furnish a safe place
to work and the rule *res ipsa loquitur.*   There was no
error in the giving of either of these instructions.

The eighth instruction tendered by appellant was to
the effect that appellee's only remedy was compensation
under the Workmen's Compensation Act and that he
was not entitled to recover anything in this case.   There
was no error in refusing to give this instruction.

Judgment affirmed.