CULBERTSON, Respondent, vs. KIECKHEFER CONTAINER COMPANY, Appellant.

*November 8—December 4, 1928.*

For the appellant there were briefs by *Hayes, Darnieder & Hayes,* attorneys, and *W. A. Hayes,* of counsel, all of Milwaukee, and oral argument by *W. A. Hayes.*

For the respondent there was a brief by *Rubin, Zabel & Rouiller,* attorneys, and *W. B. Rubin,* of counsel, all of Milwaukee, and oral argument by *W. B. Rubin.*

STEVENS, J. (1) The workmen's compensation act gives the plaintiff no right to compensation from the defendant. The right to claim compensation under this act is confined to those cases where the relationship of employer and employee exists. That relationship is created only in those cases where the one claiming to be an employee is in the service of another under a contract, either express or implied. Unless there is such relationship, the injured person is left to the remedies given him by the common law before the enactment of the workmen's compensation act.

The plaintiff was not an employee of the defendant company. There was no contract, either express or implied, which required him to serve the defendant company. He was employed by an independent contractor that had exclusive control over the men whose duty it was to complete the job specified in the contract. The defendant had no control over the plaintiff and no right to demand service of him.

The fact that sec. 102.06 of the Statutes might, under certain contingencies, place defendant in the position of insurer of any compensation that might be due from plaintiff's em-

ployer, does not make plaintiff an employee of the defendant for the reason that this provision of the statute does not create the relationship of employer and employee, but does create a relationship that is analogous to that of an insurer. Where the relationship of insurer exists, liability is based upon an independent contract between the employer and his contractor, and not upon any contract of service, either express or implied.

A consideration of all the statutes that bear on the question of the relationship of the parties leads to the conclusion that the plaintiff had no right to claim compensation of the defendant and that his only means of securing redress of the defendants was by this common-law action for damages. *Cermak v. Milwaukee Air Power Pump Co.* 192 Wis. 44, 211 N. W. 354.

The statutes which we are here considering do not impose a double liability on the defendant. In any event the defendant's liability is limited to the amount of damages that may be assessed in a common-law action. If the defendant had been compelled to pay an award as an insurer of compensation under the provisions of sec. 102.06 of the Statutes, the amount of such award would of necessity have been deducted from the amount assessed by the jury in this action. The case is distinguished from *Mahowald v. Thompson-Starrett Co.* 134 Minn. 113, 158 N. W. 913, and *McNaught v. Hines,* 300 Ill. 167, 133 N. E. 53, by the fact that the statutes in both of those jurisdictions expressly limit the amount of recovery in an action based on the negligence of a third party to the aggregate amount of compensation which might be awarded under the workmen's compensation act.

(2) The evidence sustains the finding of the jury that the plaintiff was not guilty of negligence which proximately contributed to produce the injury of which he complains. His injury was caused by the falling of a roll of paper into the passageway along which plaintiff was walking. It was

the duty of the plaintiff to exercise ordinary care to avoid injury to himself. It was the custom of the workers to give warning whenever the crane was moving rolls of paper over the passageway. The plaintiff knew of that custom and had a right to rely upon such warning being given in the absence of something to put him upon his guard. The warning was in fact given in this instance. But it was too late to avoid injury to the plaintiff. Under the proof in this case the court cannot disturb the finding of the jury upon this issue.

(3) Appellant contends that damages in the sum of $16,150 assessed by the jury are excessive. Plaintiff sustained serious injuries. His skull and one of the bones of his foot were fractured. There was a double fracture of the pelvis. There were also numerous physical injuries of lesser severity. He was unable to do any work for three or four months after the injury. These injuries caused a serious impairment of both sight and hearing. As a result of these injuries he is subject to dizzy spells and headaches. He was formerly an agile man who could climb ladders, work upon scaffolds, and lift heavy weights. Since the accident he is weak and unable to do any of the work which he performed regularly prior to the injury.

The appellant relies upon the fact that his earnings have at times been as large after the injury as prior to the accident here in question. This situation is explained by the fact that his former employer has continued him as a foreman in charge of a crew of men on condition that labor costs on jobs be kept down to the same level as before he sustained the injury and when he worked regularly with the men under him. It appears that his fellow employees, out of sympathy for their unfortunate co-employee, have thus far so expedited the work that they have kept down the labor costs and enabled the plaintiff to retain his position as foreman. But it is manifestly uncertain how long the men will continue to

do the work of the plaintiff so as to enable him to hold his job. The defendant cannot ask to have the damages assessed against it reduced because these men are making this contribution to their fellow workman.

Considering the earning power of the defendant prior to the accident and the very serious permanent injuries that have resulted from this injury, the court cannot say that the damages assessed for the injuries sustained are excessive.

The defendant urges that the plaintiff's disability was caused by syphilis and not by the injury sustained. This contention is based upon the fact that a sample of blood from the ear (not from the spinal column) showed a positive reaction upon a Wasserman test being made. In view of the undisputed proof that plaintiff was a strong, agile man to the time of the injury and that disability followed the injury, the jury were justified in accepting the evidence of those medical men who testified that it was their opinion that the disability was caused by the injury and not by syphilis. The fact that there may have been a predisposition to syphilitic trouble does not relieve the defendant from liability to compensate plaintiff for the damages which naturally resulted from the negligence of its employees. *McNamara v. Clintonville,* 62 Wis. 207, 211, 22 N. W. 472.

(4) After the plaintiff had sufficiently recovered he was attempting to do work for another employer. While at work he fell from a stepladder and sustained a second injury. The jury found that this fall was caused by a fainting spell which resulted from the injuries sustained in the warehouse of the defendant company, and that plaintiff was not guilty of negligence in working on a stepladder. These answers are supported by proof which presented an issue of fact for the jury as to each of these questions.

The plaintiff accepted compensation from the second employer. The record contains no proof that the second employer has assigned to the plaintiff any cause of action which may have accrued to it under sec. 102.29 of the Stat-

utes because of the payment of such compensation. Neither does it appear that the plaintiff has demanded that the second employer maintain an action against the defendant company for this second injury, as required by sec. 102.29. If the right to recover damages for the second injury is a cause of action in tort within the meaning of this section of the statutes, plaintiff has no right to recover the thousand dollars assessed by the jury as compensation for this second injury.

But it seems clear that the right to recover this thousand dollars does not constitute a separate cause of action against the defendant. On the contrary the right to recover this thousand dollars is a right which must be enforced in this action. This thousand dollars is a part of the damages sustained because of defendant's negligence when plaintiff was injured while at work in defendant's warehouse. There is but one cause of action in tort. That cause of action has not been assigned to and does not belong to the second employer, because pursuant to the provisions of sec. 102.29 of the Statutes this cause of action and all damages recoverable in this action were by virtue of the statute assigned to the first employer when the plaintiff made his claim for compensation against that employer. The cause of action thus assigned to the first employer included the right to recover damages for all injuries proximately caused by the negligence of the defendant for the joint benefit of the first employer and the plaintiff. This of necessity included the right to recover this thousand dollars because the injury for which this sum was awarded was proximately caused by the negligence of the defendant.

Under the provisions of sec. 102.29 of the Statutes the plaintiff is now entitled to enforce this liability in his own name because the first employer failed to prosecute this action against the defendant within ninety days after the plaintiff demanded that such action be taken by this employer.

*By the Court.*—Judgment affirmed.