JACK LANGSTON, RESPONDENT, v. SELDEN-BRECK CONSTRUCTION COMPANY, A CORPORATION, APPELLANT.—37 S. W. (2d) 474.

St. Louis Court of Appeals. Opinion filed April 7, 1931.

532

*Allen, Moser & Marsalek* for appellant.

*Everett J. Hullverson* and *Mason, Goodman & Flynn* for respondent.

BENNICK, C.—This is an action for damages for personal injuries sustained by plaintiff on August 22, 1928, while employed in

connection with the erection of the Civil Courts Building, in the city of St. Louis. The original ᶜ ᵗᵒⁿᵈants, against whom the case was brought to trial, were Selden-Breck Construction Company, the general contractor; A. D. Gates Construction Company, a subcontractor, and plaintiff's immediate employer; and Kaestner-Hecht Company and Westinghouse Electric Elevator Company, also subcontractors in charge of certain details of the work. At the close of plaintiff's case, the court sustained demurrers to the evidence which were interposed at the instance of the last three defendants, whereupon plaintiff took an involuntary nonsuit as to such parties. The verdict of the jury was in favor of plaintiff, and against defendant Selden-Breck Construction Company, in the sum of $7,500; and by due and timely steps the latter has perfected its appeal to this court.

Suffice it to say of the evidence that it showed that plaintiff, while in the employ of defendant A. D. Gates Construction Company as a concrete laborer, and while engaged in erecting the falsework on the penthouse at the top of an elevator shaft, was injured as the result of the negligence of an employee of appellant, Selden-Breck Construction Company, who was operating an elevator in the shaft.

In the turn which the case has taken in this court, the theories of negligence upon which plaintiff relied are unimportant. It is enough to note that the petition was in proper form for an action at common law (at least with the compensation act disregarded), and that among its allegations was one that no payments or benefits under such act had been paid to or received by plaintiff on account of his injuries.

The answer of appellant was a general denial, coupled with a plea of contributory negligence, to which was added a plea that plaintiff, at the time his injuries were received and long prior thereto, was and had been an employee of defendant A. D. Gates Construction Company; that both he and his employer were working under the compensation act, and that said act controlled as to the injuries sustained by plaintiff on the occasion mentioned in his petition; that defendant A. D. Gates Construction Company was a subcontractor under appellant, the general contractor; that plaintiff's injuries were by accident arising out of and in the course of his employment; that appellant had fully complied with all the provisions of the compensation act, and in particular had duly insured its entire liability with New York Indemnity Company; and that under the provisions of the act, and particularly section 10 thereof (now section 3308, Revised Statutes 1929), plaintiff was not entitled to prosecute this action at common law, but rather that all his rights against appellant were controlled by the provisions of said act.

The answers of the other defendants are no longer of any consequence, unless it be the answer of defendant A. D. Gates Construction Company, which set up the compensation act as a bar to the prosecution of this action in much the same fashion as did the answer of appellant.

If a reply was filed by plaintiff, the record does not disclose it, but at any rate the case was tried as though the affirmative defenses brought into the case by answer had been duly put at issue.

The prime insistence of appellant is that its requested instruction in the nature of a demurrer to all the evidence should have been given, and at the outset it argues, as was the theory of its defense below, that this action was barred against it by virtue of the provisions of section 3308, Revised Statutes 1929. Such section purports to define the meaning and scope of the term "employer" (within the contemplation of the compensation act) in cases where the status and relationship of contractor, subcontractor, landlord and tenant, and lessor and lessee, is present. The force and significance of the section upon the result to be reached in the instant case is apparent when it is borne in mind that plaintiff was an employee (from the standpoint of the common law) of the defendant A. D. Gates Construction Company; that the latter was a subcontractor under appellant, the general contractor; and that plaintiff's injuries were received, not through the negligence of his immediate employer, but solely through the negligence of appellant, with which his immediate employer was in nowise concerned except in so far as it might be held liable for compensation under the provisions of the act.

The applicable statute (section 3308, Revised Statutes 1929) is composed of four subsections, the first two of which have nothing to do with the merits of the case at hand. However, the last two subsections control the status of the parties to this appeal in all respects, and we set them out herein in their entirety:

"(c) The provisions of this section shall not apply to the owner of premises upon which improvements are being erected, demolished, altered or repaired by an independent contractor but such independent contractor shall be deemed to be the employer of the employees of his subcontractors and their subcontractors when employed on or about the premises where the principal contractor is doing work.

"(d) In all cases mentioned in the preceding subsections, the immediate contractor or subcontractor shall be liable as an employer of the employees of his subcontractors. All persons so liable may be made parties to the proceedings on the application of any party. The liability of the immediate employer shall be primary, and that of the others secondary in their order, and any

compensation paid by those secondarily liable may be recovered from those primarily liable, with attorney's fees and expenses of the suit. Such recovery may be had on motion in the original proceedings. No such employer shall be liable as in this section provided, if the employee was insured by his immediate or any intermediate employer.''

Appellant argues that under the facts in this case, even though there was no contract of employment in the usual sense of the term between it and plaintiff, it was nevertheless his ''statutory employer,'' and made so by the force of the above sections of the statute; that being so, it was subject to the liabilities imposed by the act, and likewise entitled to its benefits; that it was not a ''third person'' within the meaning of section 3309, Revised Statutes 1929, which covers the liability of a ''third person'' at common law for injuries to an employee of another; and that inasmuch as it, a general contractor, is made liable by the terms of the act to pay compensation to the employees of subcontractors, and inasmuch as the remedies provided by the act are exclusive and substitutional in character, plaintiff, an employee of a subcontractor, was not entitled to sue it at common law, but is to be held to the remedies given him by the act.

Certainly, if appellant was the employer of plaintiff, even though it be true that the status was one created purely by statute, and if the act is to be construed as being comprehensive to the point of covering the relationship of plaintiff and appellant to each other at the time plaintiff's injuries were sustained, then appellant's argument must be regarded as well taken, for the rights and remedies granted to an employee under the act are made by section 3301, Revised Statutes 1929, to exclude all other rights and remedies against his employer at common law or otherwise. [McKenzie v. Missouri Stables, Inc. (Mo. App.), 34 S. W. (2d) 136; Kemper v. Gluck (Mo. App.), 21 S. W. (2d) 922.] Our task is therefore to determine whether, in view of the admitted facts in this case, appellant was the employer of plaintiff by force of the statute as its counsel so earnestly insist, since if it was, the cause of action pleaded herein concededly did not exist in plaintiff's favor, but if not, then the action is entirely proper, absent any question of the right of an employee entitled to compensation to maintain an action in his own name against the offending third party.

Now the entire compensation act is remedial in its nature, and none the less so is the statute at hand (section 3308, Revised Statutes 1929), the salutary purpose of which has been heretofore recognized by this court in De Lonjay v. Grone Construction Co., No. 21381, recently decided and not yet reported, wherein we said: ''The provision making the principal contractor liable to the employees of

subcontractors was inserted to prevent the principal contractor from escaping all liability and leaving such employees without protection, either under the compensation act or at common law, by a series of subcontracts with persons or corporations without financial responsibility." Such language was prompted by the fact that the statute, by legislative fiat, does (with one exception which we shall presently discuss) make the principal contractor the employer of the employees of his subcontractors, with a liability for the payment of compensation whenever the relationship created by statute exists, such liability being only secondary in its nature, however, in the event the subcontractor is himself primarily liable under the act so that the principal contractor may have recourse upon him for the amount of compensation so payable.

The question of fixing the liability of an original or principal contractor for injuries befalling the employees of his subcontractors has been a matter of serious concern to most, if not all, of the states that have enacted workmen's compensation legislation. In the course of the preparation of this opinion we have referred to a number of those acts (at least in the states from which authorities have been cited us by council); and while a classification of compensation acts is always a difficult and unsatisfactory task, we believe that as to the one point at issue, the several statutes may be fairly held to fall into two principal divisions.

In the one instance are the statutes where the principal contractor, regardless of through whose fault the accident occurred, is made absolutely and directly liable to injured employees of his subcontractors engaged upon the whole or any part of the work undertaken by the principal, to the same extent as the immediate employer. Under these statutes, any employee of a subcontractor who is injured by accident arising out of and in the course of his employment on or about the premises on which the principal contractor has undertaken to execute his work, or which are otherwise under his control or management, may generally look to the principal contractor for compensation to the same extent as if he had been immediately employed by him.

It will be observed by a reference to such statutes that they include no such effective provision as is to be found in the last sentence of section 3308 (d), Revised Statutes 1929, namely, that "no such employer shall be liable as in this section provided, if the employee was insured by his immediate or any intermediate employer;" and in this vital respect is to be found the basic difference and distinction between the statutes heretofore classified and the second class of statutes into which we think our own act must be held to fall.

But regardless of this provision, which marks the distinction between our own act and those of our sister states to which learned counsel for appellant would liken it, they nevertheless take the position that having made the general contractor an employer by force of the statute, the legislature thereby took away the right of an employee of a subcontractor to proceed at common law against such general contractor. Generally speaking, this is undoubtedly true, but not so where the situation is such as is present in the case at bar. We say this because of the very definite exception to the liability of the principal contractor which has been written into the act, that "no such employer (principal contractor) shall be liable as in this section provided, if the employee was insured by his immediate or any intermediate employer."

Rights and liabilities, we take it, go hand in hand, and where the principal contractor has and can have no liability under the act, then he should be in no position to claim any immunities thereunder. In other words, the whole scope and purpose of the compensation act, and of section 3308, Revised Statutes 1929, which is part and parcel of it, is to fix the rights and liabilities as between employer and employee; and if the case is such that the liability of a party is positively excluded from the scope and purview of the act, such liability must necessarily be determined, if at all, by the rules of the common law as they have been left unaffected by the act.

Here, plaintiff's immediate employer, A. D. Gates Construction Company, concededly carried the insurance called for by the act, its policy having been obtained from Maryland Casualty Company. This was a fact admitted in the pleadings, and shown without objection at the trial. Consequently the case falls squarely within the exception to the liability of the principal contractor announced in the statute; and the liability under the act for the payment of compensation rested solely and exclusively upon plaintiff's immediate employer and its insurance carrier, and not upon appellant. Now if there was no liability upon appellant as an original contractor under the section at hand, it had no liability at all under the act, for no other section of the act purports in anywise to touch upon or deal with the liability of an original contractor to the employees of his subcontractors. Furthermore, in insuring its entire liability under the act, appellant could not have insured a liability where the act itself says that there was and could be no such liability.

Being excluded from the scope of the act by reason of the fact that the immediate employer carried insurance, and being exempted from all liability for the payment of compensation, was appellant likewise exempted from all liability at common law for damages resulting from its own wrong? We think not. This situation forms and constitutes an exception to the act, and where an exception

occurs, the common law still obtains. We repeat that those who may have liabilities under the act may take advantage of whatever rights are vouchsafed to them by it, but those who cannot be held liable under the act are third persons within its meaning. Our conclusion is, therefore, that appellant was in this instance a "third person," liable to be held to account at common law for plaintiff's injuries occasioned through its own fault, and that its insistence to the contrary must be disapproved. [Clark v. Monarch Engineering Co., 248 N. Y. 107, 161 N. E. 436; Corbett v. Starrett Bros., Inc. (N. J.), 143 Atl. 352; Cermak v. Milwaukee Air Power Pump Co., 192 Wis. 44, 211 N. W. 354; Culbertson v. Kieckhefer Container Co., 197 Wis. 349, 222 N. W. 249; Artificial Ice & Cold Storage Co. v. Waltz, 86 Ind. App. 534, 146 N. E. 826; Foglio v. City of Chicago, 229 Ill. App. 472.]

But appellant argues that even if the above conclusion be reached, plaintiff was nevertheless not entitled to prosecute this action against it, because his immediate employer, A. D. Gates Construction Company, was subrogated by operation of section 3309, Revised Statutes 1929, to any common-law right of action which arose by reason of plaintiff's injuries; that the employer alone could prosecute such action; and that the mere fact that neither the employer nor its insurer had paid compensation to plaintiff, did not authorize him to maintain the suit.

Suffice it to say that while this question was a live one at the time of the preparation of the briefs and the submission of the case in this court, it has since been determined in McKenzie v. Missouri Stables, Inc., supra, that section 3309, Revised Statutes 1929, does not preclude the injured employee as a real party in interest from bringing an action at common law against a negligent third party responsible for his injuries. Plaintiff was therefore a proper party to bring this action, and the fact that he had been paid no compensation from his employer is material only in so far as it controls the amount of his judgment which he will be entitled to retain.

Appellant next insists that the petition wholly fails to state a cause of action, in that it does not allege the failure or refusal of the employer to bring the action, as well as in that it shows on its face that the case comes within the terms of the compensation act, and yet fails by appropriate allegations to take the case from within, or to negative the force of, the statute.

The first of such contentions is fully answered adversely to the point now made in McKenzie v. Missouri Stables, Inc., supra. As to the second point, it is enough to say that the petition does not show on its face that it falls within the purview of the compensation act as to appellant. It does allege that he was in the employ of defendant A. D. Gates Construction Company, and therefore, if our holding

in Kemper v. Gluck, supra, is finally to be the law, such defendant might have demurred to it, but not so with appellant. The petition set up no relationship of master and servant between plaintiff and appellant, nor did it even allege appellant's status as a contractor or the status of the immediate employer as a subcontractor. Consequently the cause of action pleaded against appellant was the ordinary cause of action at common law, and the petition being sufficient in that view of it, the argument of appellant that it wholly fails to state a cause of action must be disallowed.

With appellant amenable to an action at common law; with plaintiff entitled to maintain the same; with his petition stating a cause of action against appellant; and with no question raised as to the sufficiency of the evidence upon the issue of the latter's negligence, a case was made for submission to the jury, unless it be that plaintiff was guilty of contributory negligence as a matter of law, which is the final insistence of appellant in support of its point that the demurrer to all the evidence should have been sustained.

As has heretofore been indicated, plaintiff was engaged in prying boards loose from the wall of the penthouse at the top of an elevator shaft. To accomplish his work, he stood upon planks which he had placed across the shaft. The operator of the elevator was one Dennis, an employee of appellant. Before the work was begun, plaintiff informed Dennis that if he took his elevator below the first floor, the weights would catch him at the top of the shaft, and Dennis assured him that he would not go below the first floor. However, Dennis later disobeyed his instructions, with the result that the planks upon which plaintiff was standing were struck by the weights, and plaintiff's leg was caught and severely injured. If Dennis had abided by his promise and assurance, the accident would not have happened; and it was for the jury to say whether such assurance was actually given, and if so, whether plaintiff had the right to rely upon it. Clearly his contributory negligence did not appear as a matter of law. [Crawford v. Kansas City Stock Yards Co.; 215 Mo. 394, 414, 114 S. W. 1057; Shamp v. Lambert, 142 Mo. App. 567, 573, 121 S. W. 770.]

It follows, therefore, that appellant's requested peremptory instruction in the nature of a demurrer to all the evidence was properly refused.

Finally defendant argues that the verdict of $7,500 is excessive. The evidence disclosed that plaintiff's right leg was crushed and bruised to the extent that it was still swollen a year and five months after the accident; that his back was permanently wrenched and strained; that he suffered concussion of the brain, causing him to experience headaches and dizziness, which materially interferred with the character of work he had always done; and that up to the

time of the trial he had lost approximately $2,400 in wages, with the likelihood of a future impairment of earning power. In addition he had paid out and incurred liability for about $200 in doctors' bills, and was still undergoing treatment.

There is nothing about the record to indicate bias and prejudice on the part of the jury, and the verdict has met the approval of the trial judge. There was substantial evidence of damage to plaintiff to support it, and while.it might be regarded as full compensation, we find nothing about the situation to warrant appellate interference. The assignment of error is therefore overruled. [Burns v. Polar Wave Ice & Fuel Co. (Mo. App.), 187 S. W. 145.]

Other assignments of error either have been covered by what we have said herein, or else have been abandoned by counsel in the course of the brief and argument.

It follows that the judgment rendered by the circuit court should be affirmed, and the Commissioner so recommends.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The judgment of the circuit court is, accordingly, affirmed. *Haid, P. J.,* and *Becker* and *Nipper, JJ.,* concur.